[Civ. No. 3822. Second Appellate District, Division Two.—July 5, 1923.]

R. H. VANDERBUSH, Appellant, v. THE BOARD OF PUBLIC WORKS OF THE CITY OF LOS ANGELES et al., Respondents.

[1] EVIDENCE — MUNICIPAL ORDINANCE — JUDICIAL NOTICE. — Granting that the superior court can take judicial notice of the terms of a municipal ordinance as law, it cannot take such notice before the ordinance takes effect.

[2] MANDAMUS — DUE ENACTMENT AND CONTENTS OF ZONING ORDINANCE—EVIDENCE.—In this proceeding in *mandamus* to compel the board of public works of a city to issue to petitioner a building permit for the construction of a bungalow court in a certain portion of the city where, according to the answer of respondents, that character of building was not permitted by the terms of a zoning ordinance which had been duly enacted but which had not yet taken effect, such ordinance not having been introduced in evidence, the allegations in the answer as to the due enactment and contents thereof were not proven by the testimony of petitioner to the effect that when he got ready to commence work on his proposed improvement he "could not get the permit, on account of the zoning ordinance going into effect," that when he referred to the zoning ordinance going into effect he meant "an ordinance which is referred to in the answer of respondents here, which has not yet gone into effect," that he "became somewhat familiar . . . with the so-called zoning ordinance that was enacted by the city . . . recently" when he "went to the city hall to apply for a permit," and that "they" then handed him "a copy of the ordinance of the zoning commission."

[3] ID.—AFFIRMATIVE ALLEGATIONS OF ANSWER—BURDEN OF PROOF.— In a proceeding for a writ of mandate affirmative allegations of

the answer, if not demurrable, are to be taken as true unless they are countervailed by proof presented by the petitioner.

[4] Id.—Enactment of Ordinance—Due Publication—Insufficient Answer.—In a proceeding in *mandamus* to compel the board of public works of a city to issue to petitioner a building permit for the construction of a bungalow court in a certain portion of the city, an answer in which it is alleged that on a certain date the city council "duly and regularly enacted and adopted" a zoning ordinance which does not permit that character of building in that portion of the city," that said ordinance was thereafter approved by the "mayor . . . and that same is now being duly published . . . as provided by the charter . . . and will become effective" on a specified date in the future, is only a prediction, but does not state a defense.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Reversed.

The facts are stated in the opinion of the court.

Turnbull, Heffron & Kelley for Appellant.

Jess E. Stephens, City Attorney, Lucius P. Green, Assistant City Attorney, and Philip. Sterry, Deputy City Attorney, for Respondents.

WORKS, J.—This proceeding was instituted in the superior court for the purpose of procuring the issuance of a writ of mandate. The petition, which was filed November 16, 1921, alleges that petitioner, being desirous of constructing a five-unit bungalow court upon certain property in the city of Los Angeles, had made application to defendant board of public works for a permit to make the improvement and that the application was denied. Immediately after the filing of the petition, and on the day upon which it was filed, the court issued its alternative writ of mandate requiring defendant board to issue the permit or to show cause for its failure to do so. Defendant board did not issue the permit, but on November 28, 1921, filed its answer to the petition for the writ. The answer alleges, in connection with certain denials of averments of the petition, that the property upon which petitioner proposed to construct the bungalow court is located in a certain designated portion of Los Angeles, "that said portion . . . is a highly improved residential

district, and is improved with many expensive single family dwellings, . . . '' that ''on or about the eighteenth day of October, 1921, the council . . . of Los Angeles duly and regularly enacted and adopted an ordinance, being Ordinance No. 42666 (New Series), which ordinance provides generally for the zoning of said city and in particular has created the district wherein'' petitioner's property ''is located as a zone wherein none but single family dwellings may be erected, constructed and maintained, said zone being in said ordinance designated as Zone A . . . ; that said ordinance was thereafter approved by the mayor of . . . Los Angeles and that the same is now being duly published . . . as provided by the charter of . . . Los Angeles and will become effective November 29, 1921. . . . '' Here followed certain other affirmative allegations which it is not necessary to repeat. The proceeding came on for hearing November 28, 1921, which, it will be observed, was the day before Ordinance No. 42666 was to take effect, according to the allegations of the answer. The hearing was concluded on the same day and on that day the trial court made its order or judgment discharging the alternative writ of mandate and denying the issuance of a peremptory writ. Petitioner appeals.

The judgment of the trial court appears to have been based upon the affirmative allegations of the answer which are set forth above. At any rate, respondents defend the judgment upon that theory. Appellant contends that there was no evidence before the court which would have supported a finding that those allegations were true, particularly those concerning Ordinance No. 42666. [1] Respondent's insistence is, in the first place, the ordinance not having been introduced in evidence, that the trial court must have taken and did properly take judicial notice of its provisions. This position clearly is untenable. Granting for the moment that the superior courts may take judicial notice of the terms of city ordinances as laws, they cannot take such notice before such ordinances take effect. Nor does this statement apply peculiarly to city ordinances. It is trite to assert that the courts can take judicial notice of the existence of no law before it has an existence. When the trial court heard and decided this proceeding Ordinance No. 42666, so called, was not an ordinance, if, indeed, it ever became one.

Its provisions, therefore, cannot, under the law of judicial notice, afford any support to the judgment.

[2] Respondent makes the contention, also, that there is evidence in the record which proves the allegations of the answer concerning the ''ordinance,'' and refers to certain testimony of appellant. That testimony was to the effect that when he got ready to commence work on his proposed improvement appellant ''could not get the permit, on account of the zoning ordinance going into effect''; that when he referred to the zoning ordinance going into effect he meant ''an ordinance which is referred to in the answer of respondent here, which has not yet gone into effect''; that he ''became somewhat familiar . . . with the so-called Zone Ordinance that was enacted by the city of Los Angeles recently'' when he ''went to the city hall to apply for a permit''; that ''they'' then handed him ''a copy of the ordinance of the zoning commission.'' We can perceive nothing in this testimony which in the slightest degree tended to prove any of the provisions of the so-called Ordinance No. 42666. For appellant to say that he could not obtain the desired permit on account of the going into effect of the ordinance *referred to* in the answer was not, surely, for him to testify that the legal effect of the ordinance was as alleged in that pleading. Neither from this statement, nor from anything else testified to by appellant, could the trial court have found that the provisions of the ''ordinance'' were as alleged in the answer. Moreover, the testimony of appellant is subject to the comment which we have already passed upon the matter of the contention that the trial court could have taken judicial notice of the contents of the ''ordinance.'' Indeed, upon the score of difference in degree, if not in kind, that comment may be broadened: The trial court was asked to take judicial notice of the ''ordinance'' one day before it became an ordinance. Appellant's knowledge of the contents of the proposed measure, if any he had, appears to have been derived from an ''ordinance of the zoning commission,'' not of the council, which was handed him two weeks before Ordinance 42666 was to take effect according to the answer, for his petition for the writ of mandate was filed on November 16, 1921. On the whole, it would be going far to assert that appellant's testimony showed anything as to the contents of

any ordinance in effect as an enactment of the council of the city of Los Angeles.

There is a point which would lead to an affirmance of the judgment if it could be said that the new matter pleaded in the answer states a defense. **[3]** In a proceeding for the writ of mandate affirmative allegations of the answer, if not demurrable, are to be taken as true unless they are countervailed by proof presented by the petitioner (*McClatchy* v. *Matthews,* 135 Cal. 274 [67 Pac. 134]). **[4]** Is a defense stated by the affirmative matter in the answer now before us? We think not. In the maze of uncertainties incident to this mundane existence no man may predict with success that any particular event will happen at any time in the future, unless the fact that it will occur at a certain moment is within the domain of scientific knowledge, as, for instance, that an eclipse of the sun will transpire in southern California on September 10, 1923. The pleader in actions in the courts labors under the same disability. He may not predict the occurrence of events the happening of which is involved in uncertainty. Whether Ordinance No. 42666, so called, would take effect on November 29, 1921, or at any other time, could not be foretold. To illustrate the situation a peculiar allegation of the answer may be examined. It is averred that the proposed measure "is now being duly published." Surely nothing can be said as to whether the publication of a proposed ordinance has been duly made until after the time of the publication has run and the facts surrounding the publication are examined under the law. In the present instance, notwithstanding the allegations of the answer, it may have happened that the publication was not duly made and that the proposed measure did not go into operation for that reason, at least not on November 29, 1921. Further, some means may have been found by which the "ordinance" was prevented from going into operation by the courts. In short, the new matter in the answer is but a prediction and not an allegation of fact.

Respondents are solicitous lest a reversal of the judgment may lead to a requisition upon respondent board to perform acts which by the ordinances of the city it is now forbidden to perform. We trust such an outcome may not follow. It is to be understood, of course, that we pronounce judgment only upon the facts before the trial court at the time

its judgment was rendered. As respondents showed no excuse for the refusal to grant to appellant the permit which he sought, the judgment of the trial court cannot stand. If, however, there are at present in existence any grounds upon which it may be claimed that respondent board may not now be required to grant the permit, the trial court will doubtless discover means whereby respondents may have a hearing upon them.

Judgment reversed.

Finlayson, P. J., and Craig, J., concurred.