[Sac. No. 890.   Department One.—December 31, 1901.]

# C. K. McCLATCHY et al., Respondents, v. W. P. MATTHEWS, Appellant.

Mandamus—State Board of Health—Inspection of Reports—Rightful Transmission to Governor.—*Mandamus* will not lie to compel the secretary· of the state board of health to grant an inspection of reports of bacteriologists which, prior to the commencement of the proceeding, had been rightfully transmitted by the board to the governor, so as to put it out of the power of the secretary of the board to comply with a writ of mandate.

APPEAL from a judgment of the Superior Court of Sacramento County.   E. C. Hart, Judge.

The facts are stated in the opinion of the court.

George A. Knight, Knight & Heggerty, Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Appellant.

Bruner Brothers, for Respondents.

VAN DYKE, J.—This was an application for a writ of *mandamus,* directed to the appellant, as secretary of the state board of health of the state of California, commanding him to permit the respondents to inspect and take copies of the written reports of Doctors Mauser and Ryfkogel of a bacteriological examination of an alleged case of bubonic plague made for the state board of health.

The petition for. the writ was filed with the court below, and an alternative writ issued thereupon, on the third day of August, 1900.   In the petition,—to wit, the affidavit of Herbert A. French,—it is stated that he is a reporter and employee of respondents, who are proprietors and publishers of the Evening Bee, a newspaper of general circulation, published in the city of Sacramento, and that on the second day of August he went to the office of the state board of health located in the state capitol building at Sacramento, and made application to appellant Matthews. being then a member and secretary of the state board of health, to inspect said reports,

and to take copies thereof for the use of his employers, the respondents, for the purpose of publishing the same, or so much as they might deem fit and proper, in the said Evening Bee. It is also alleged in said affidavit that on the second day of August, when the demand was made for inspection, said reports were then in the custody of the state board of health, and were public writings of the state, which affiant had a right to inspect. On the 7th of August, defendant (appellant here) filed a demurrer and also an answer to the petition. In his answer, the defendant, among other things, states that Governor Gage, together with the state board of health, had begun an investigation of the alleged existence of bubonic plague in this state, and especially in the city and county of San Francisco, and that the governor consulted and advised with the state board concerning the lines on which the investigation should be conducted, and directed the state board to make special official reports to him of such information as might be secured by said board concerning the said alleged existence of bubonic plague within the state; that in pursuance of said investigations Doctors Mauser and Ryfkogel made the examinations referred to, in the city and county of San Francisco, on the sixth day of July, 1900; that each of said doctors prepared a separate statement in regard to the bacteriological examination so made by them, and presented the same to the board on the 28th of July thereafter; that said statements so presented to the board were desired and secured as evidence for its private information, to be used in connection with other evidence in determining what, if any, official action ought to be taken by the board in the premises, and for the purpose of making the special report to the governor, required by him as aforesaid; and it is further stated in said answer that on the second day of August, 1900, he (the defendant) transmitted said statements of said doctors to the governor, as aforesaid, as a special report from said board, as required by the governor, and that since said second day of August, 1900, the said statements have been and are now entirely without the care, custody, or control of said defendant. He also denies that the said statements of said doctors are either public records, public writings, or public matter,

entitling plaintiffs or other persons, as matter of right, to inspect or copy the same.

The court overruled defendant's demurrer, and thereupon plaintiffs (respondents here) made a motion for judgment upon the pleadings, which motion, after argument, the court granted, and ordered a peremptory writ of mandate to issue as prayed.

From the answer filed, it appears that the defendant did not have the care, custody, or control of the reports in question when this proceeding was commenced and the alternative writ issued; that they had prior to that date been transmitted to the governor, as a special report of the state board of health. These affirmative matters appearing in the answer were not controverted, either by pleading or proof. In a proceeding for *mandamus*, "on the trial the applicant is not precluded by the answer from any valid objection to its sufficiency, and may countervail it by proof, either in direct denial or by way of avoidance." (Code Civ. Proc., sec. 1091.) No valid objection to the sufficiency of the affirmative matter in the answer was presented, nor was it countervailed by proof, but judgment was had upon the motion of the plaintiffs upon the pleadings. They are not mere questions of law or immaterial averments, as claimed by respondents, but present a very material issue. The office of *mandamus* is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. (Code Civ. Proc., sec. 1085.) At the time of the application for the writ, it was beyond the power of the defendant to comply with the order of the court in the premises. He could not at that time permit the petitioners to inspect or take copies of said reports, as they were not then in his custody or under his control, but were at the time in the possession and under the control of the governor of the state. The reports had been made to the state board of health, and by its direction transmitted to the governor. The defendant is only one member of the board, and, as its secretary, it was his duty to comply with all the lawful directions that it might make in the conduct of its business. Whether he opposed their transmission or consented thereto, is immaterial. It cannot be said that he committed any wrong in complying with the directions of the board, nor can it be said that it was unlawful, under the circumstances set forth in his

answer, for the board to transmit the reports to the governor.

This point is decisive of the case, and renders it unnecessary to consider any of the other points presented and discussed by counsel on the appeal.

The judgment is reversed.

Harrison, J., and Garoutte, J., concurred.