[Civ. No. 322. Second Appellate District.—October 14, 1907.]

EDWIN R. FOX, Appellant, v. WILLIAM H. WORKMAN, Treasurer of City of Los Angeles, Respondent.

STREET IMPROVEMENT BONDS—INTEREST—MANDAMUS TO CITY TREAS-
URER—VERIFIED ANSWER NOT CONTROVERTED—SUPPORT OF FINDINGS.
Upon *mandamus* to a city treasurer to compel sale of lots for un-
paid interest on street improvement bonds, where the sworn answer
alleges full payment of principal and interest by the owner to the
treasurer, which is tendered to plaintiff in the answer, which is
not controverted by proof, the answer has so far the effect of evi-
dence as to support findings and judgment of the court for the
defendant under section 1091 of the Code of Civil Procedure.

ID.—INSUFFICIENT RECORD TO CONTROVERT ANSWER.—Where no data
appears in the record from which it can be learned whether any
credits were made upon the principal or interest account, and no
contract appears in the record which would impose upon the treas-
urer the duty of collecting any additional interest to that evidenced
by the coupons displayed in his notice of sale, and which the owner
paid in full, a finding for the respondent in accordance with the
answer is supported.

ID.—WHEN MANDAMUS LIES.—*Mandamus* lies only to compel the per-
formance of an act which the law specially enjoins as a duty resulting
from an office, trust or station, and will not lie at the suit of anyone
who has a mere cause of action against a public officer.

APPEAL from an order of the Superior Court of Los
Angeles County, denying a new trial.  G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

L. M. Fall, for Appellant.

Leslie R. Hewitt, City Attorney, and John W. Shenk,
Deputy City Attorney, for Respondent.

TAGGART, J.—Petitioner applied to the superior court for
a writ of mandate, which application was denied.  He then
moved for a new trial in the said proceeding, which motion
was overruled.  This appeal is from the court's ruling on the
motion.

Petitioner is the owner and holder of certain street improvement bonds issued by the city of Los Angeles in accordance with the provisions of the street improvement bond act as amended in 1899. The respondent, at the times hereinafter mentioned, was the city treasurer of said city.

On October 5, 1901, the owner of the lots upon which said bonds were a lien, having defaulted in his payment of both principal and interest due thereon, petitioner declared said bonds delinquent, and made demand in writing upon respondent to sell said lots as provided by law to satisfy said bonds. The latter regularly published notice of sale of said property for nonpayment of said bonds, the time of sale being fixed therein for October 29, 1901. The amounts due upon said bonds, as stated in said notice, were $668.50 principal, and $205.11 interest, which sums were in full of all unpaid principal and coupon interest respectively, as shown upon the face of said bonds and the coupons attached thereto.

Owing to a judgment rendered by the superior court of Los Angeles county on October 15, 1901, declaring said bonds null and void, no sale was made under said notice and no further steps taken by respondent in the matter. Thereafter, the judgment of the superior court was reversed and the said bonds were declared valid by the supreme court on an appeal from said judgment. Thereupon the owner of said lots, on September 20, 1904, paid to the respondent and respondent received in full satisfaction of said bonds and interest, the sum of $886.01, which, by his answer, he tenders to petitioner and alleges he is willing and ready to pay over to petitioner upon presentation and surrender of said bonds and principal and interest coupons belonging thereto. Petitioner contends that he is entitled to straight interest at the contract rate upon the principal from the date the bonds were declared delinquent (October 5, 1901) until the date of collection (September 20, 1904), and that he is entitled to a writ of mandate commanding the respondent to sell said lots to pay the unpaid balance of interest due according to this theory or contention. This amount he alleges to be $126.04.

It is conceded that some of the specifications of insufficiency of the evidence to sustain the findings, made by appellant, are well grounded, but that after this concession is made there remain well-sustained findings sufficient to support the judgment.

If, as appellant contends, the proceeding in *mandamus* is a civil action and governed in the main by the rules of practice in civil cases, it must not be forgotten that it is not a civil action which every citizen having a cause of action against another may avail himself of; neither will it lie at the suit of everyone having a cause of action against a person occupying a public office. It lies only to compel the performance of an act which the law specially enjoins, as a *duty* resulting from an office, trust or station. Some effect must be given to the provision of the statute (Code Civ. Proc., sec. 1091), that "on the trial the applicant is not precluded by the answer from any valid objection to its sufficiency, and may countervail it by proof, either in direct denial or by way of avoidance." The application of this section leads to the conclusion that if the affirmative allegations of the sworn answer present matters material to the issue before the court and are not controverted, either by pleading or proof, they are sufficient to support the judgment of the court, although no evidence be taken to support them. (*McClatchy* v. *Matthews,* 135 Cal. 276, [67 Pac. 134].) To this extent, then, the answer may be considered as if it were evidence.

Bearing in mind that this is not an action against W. H. Workman or the lot owner, to compel payment of the amount of interest due on the bonds, but a proceeding in mandate to compel the city treasurer to do his duty, we must look to the statute to see what he can be required to do in this connection under the petitioner's application for a writ of mandate.

The record contains no statement of the rate of interest which was to be paid on the bonds. No copy of the bonds, or either of them, is set out in the record, in pleading or evidence, and the only allegations from which, by computation, the rate of interest might be arrived at are of the several amounts of principal and interest due on the respective bonds under the general allegation: "The following is a description of each of said bonds," etc., specifying the particulars given, among which appears, "also the amount of the principal of each of said bonds and the accrued interest thereon." Computation of interest upon the principal sums given at the rate assumed in appellant's brief upon the only time given fails to give the amount of interest stated in the petition in any instance. As to some of the bonds the amounts approximate; as to others they do not. There is no *data* from

which it can be learned whether any credits were made upon the principal or interest account. There is, then, nothing in the record by which the court could ascertain the amount due the petitioner, if it should be determined that he was entitled to receive what he calls in his brief "straight interest" on the delinquent installments of principal.

Looking to the street improvement bond act we find the form of bond states the rate of interest in blank, while the act itself provides a maximum rate only, leaving the matter of rate to be determined by the city council. As no "straight contract" rate of interest was alleged, proven or found, there was nothing from which the trial court could determine that the amount collected by respondent and by him tendered to petitioner was not in full of his claim. It is upon the principle declared in *Ellis* v. *Witmer*, 134 Cal. 254, [66 Pac. 301], that appellant relies. It was there said: "The statute provides that on the demand being made, 'then the whole bond, . . . with the accrued interest, shall become due and payable immediately, and on the day following shall become delinquent.' The effect of this provision is simply to make the bond due on the making of the demand, and on the following day delinquent, leaving its terms otherwise unaffected. The obligation to pay interest therefore continues unimpaired." Appellant's right to interest, therefore, is dependent upon the contract. There is no contract in the record which would impose upon the respondent the duty of collecting any interest other than that evidenced by the coupons and displayed in his notice of sale.

Finding XI alone is sufficient to support the judgment of the court in denying the application for a writ of mandate. It is therein found that respondent has collected from the lot owner and holds in his possession the full amounts of principal and interest due on each of the bonds owned by petitioner. This is not controverted by petitioner, except as to the amount, and these amounts the record discloses to be the full sums which respondent should have collected.

Order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1907.