State ex rel. Fire & Rust Proof C. Co. v. Icke, 136 Wis. 583.

iff's account for the skidded and uncut logs $660.09, making the total of the credit side $24,095.56, and there should be deducted from the debit side the excess charged on the drive of 1900, $1,329.91; the excess charged on the banking of skidded and uncut logs in 1901, $503.24; the excess charged on the drive of 1901, $1,258.71; the damages allowed by the referee but disallowed by the court, $1,500; making a total reduction of $4,591.86, and reducing the total debits to $22,225.02. Subtracting the total debits from the total credits there remains a credit to the plaintiff of $1,870.54 for which he should have had judgment.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiff for $1,870.54, as of the date of the former judgment, to wit, April 5, 1907.

STATE EX REL. FIRE & RUST PROOF CONSTRUCTION COMPANY, Appellant, vs. ICKE, Respondent.

*September 30—November 10, 1908.*

Mandamus: *Duty of city engineer: Granting estimates to contractor for work done.*

1. *Mandamus* will not lie to compel performance of a duty unless it is a clear and absolute one imposed by law.
2. Sec. 925—94, Stats. (1898), provides, with reference to work done under contract with a city, that "the board of public works, or such officers as shall be designated to discharge its duties, may from time to time, at their discretion, grant to the contractor an estimate of the amount and proportionate value of the work done, which shall entitle him to receive the amount thereof, less twenty per cent.," etc. A contract with the city provided that in each month the city engineer should make such an estimate, and for payment to the contractor thereon. *Held*, that the statute is not a command to the city engineer, but to a board of which he is only one member, and that the duty imposed thereby is a discretionary one. If, by virtue of the contract, an

absolute duty rests upon the engineer to make such estimates, such duty is only a contractual one, and performance thereof will not be compelled by *mandamus*.

SIEBECKER and TIMLIN, JJ., are of the opinion that, to prevent failure of justice, the writ of *mandamus* should issue to enforce contract obligations when that remedy is appropriate and there is no other adequate and efficient remedy; that in this case the duty of the engineer is one imposed by law, but that it is a discretionary duty and therefore *mandamus* will not lie to compel performance.

BARNES, J., is of the opinion that if the duty of the engineer to make an estimate is clear his refusal to do so is necessarily arbitrary and the contractor has an adequate remedy at law; and for that reason *mandamus* will not lie.

APPEAL from a judgment of the municipal court of Dane county: E. RAY STEVENS, circuit judge, sitting for the municipal judge. *Affirmed.*

The petitioner, a Wisconsin corporation, contracted with the city of Madison to furnish all the labor and materials to lay gutters, to grade, macadamize, and otherwise improve Blount street of the city, and to build a concrete drain under this street from Dayton street to Lake Monona. The contract provided that during the first week of each month the defendant *John Icke,* the city engineer, should make an approximate estimate of the value of the work completed and the materials delivered; that on or before the 16th of each month the contractor should be paid the balance due as shown by such estimate, after twenty-five per cent. had been deducted (any partial payment so made not to be construed as a final or partial acceptance of the work performed); and that final payment should be made within sixty days after acceptance of the work by the city.

The petitioner alleges that on July 1, 1907, he had partly completed the cement curb and gutter and the grading, had partly excavated and put in the bottom and sides of the drain, and had delivered a large portion of the materials necessary for its construction. At or about July 8, 1907, the engineer made an estimate of the value of a portion of the work so claimed by the petitioner to have been completed, but

included nothing therein for a concrete drain between Railroad street and Washington avenue and nothing for materials delivered for such drain.  Petitioner alleges that such part of the drain had been completed and the materials were delivered as called for by the contract.  Demand has been made on the engineer that he make an estimate for such work and materials, but he has refused so to do.  Petitioner prays that peremptory *mandamus* may issue commanding the engineer to make an estimate of the value of the part of the drain so completed and the materials so delivered.

The return asserts that, by reason of noncompliance with specifications and injury from floods, such work and material are of no value to the city.  There was no traverse to the return, yet the case seems to have been tried as if at issue on the facts.  The court found certain failures of relator to comply with the contract, and impossibility of estimating the value of his work to the city, which findings are assailed as not supported by the evidence.  Judgment denying the peremptory writ and dismissing the action, from which relator appeals.

For the appellant there was a brief by *Sanborn & Blake,* attorneys, and *Kronshage, McGovern & Fritz,* of counsel, and oral argument by *John B. Sanborn* and *Theodore Kronshage.*

For the respondent there was a brief by *John A. Aylward,* city attorney, and *R. M. Bashford,* of counsel, and oral argument by *Mr. Bashford.*

DODGE, J.  At the very threshold of this case the court is confronted with the question whether *mandamus* is either a possible or a proper remedy conceding that all the facts are as relator claims them.  This question is at least akin to jurisdictional, for it must be resolved in the affirmative before the court can properly proceed to consider the controversy between the parties.  Neither was this question considered by the court below apparently, nor is any aid thereon given

to this court by the briefs.   *Mandamus* is an extraordinary remedy, and one of the most absolute conditions to it is that the duty sought to be compelled shall be a clear and absolute one imposed by law.   *State ex rel. Pfister v. Manitowoc,* 52 Wis. 427, 9 N. W. 607; *State ex rel. O'Donnell v. Benzenberg,* 108 Wis. 435, 438, 84 N. W. 858; *State ex rel. Board of Ed. v. Hunter,* 111 Wis. 582, 588, 87 N. W. 485; *State ex rel. Wis. Met. Tel. Co. v. Milwaukee,* 132 Wis. 615, 619, 113 N. W. 40; *Fox v. Workman,* 6 Cal. App. 633, 92 Pac. 742; *Eberle v. King* (Okl.) 93 Pac. 748.   A careful examination of all laws and ordinances relating to the city engineer or city surveyor of the city of Madison fails wholly to disclose any provision of law requiring him, as an absolute duty, to make certificates of partial performance of contract work.   Indeed, the only provision we find with reference to estimates at all is contained in sec. 925—94, Stats. (1898)— a portion of the general charter apparently adopted by the city of Madison,—to the effect that as the work progresses "the board of public works, or such officers as shall be designated to discharge its duties, may, from time to time, at their discretion, grant to the contractor an estimate of the amount and proportionate value of the work done, which shall entitle the holder to receive the amount thereof," etc.   This is not a command to the city engineer or surveyor, but to a board of which he is only one member.   Besides, it does not impose an imperative duty, but a discretionary one.   But, presumably, the relator would contend that a duty to issue intermediate certificates arises by virtue of the contract provision that the city engineer will make an estimate during the first week of each month as the work progresses and that payments will be made thereon.   We shall not deem it necessary to decide whether a contract was competent to the city providing absolutely for such certificates and payment, thus in advance forestalling the discretion which sec. 925—94 vests in the board of public works, but shall proceed on the hypothesis of the existence of such power.   Even in that case, however,

the duty resting on the engineer is only a contractual one and not one imposed by law, and as to such duties and obligations, which depend wholly upon a contract, the authorities hold with practical unanimity that courts will not exercise their power by the extraordinary writ of *mandamus* to compel performance, even by a municipal or other public corporation or its officers. *State ex rel. Burg v. Milwaukee Med. Coll.* 128 Wis. 7, 106 N. W. 116; *Chicago v. Chicago Tel. Co.* 230 Ill. 157, 161, 82 N. E. 607; *Mt. Vernon v. State ex rel. Berry,* 71 Ohio St. 428, 453, 73 N. E. 515; *Putnam F. & M. Co. v. Barrington,* 27 R. I. 422, 67 Atl. 733; *U. S. ex rel. Greenbrier C. & C. Co. v. Norfolk & W. R. Co.* 143 Fed. 266, 268. It is not an absolute duty imposed by law.

The result is that the court should have dismissed the writ and the proceedings without considering and deciding upon the facts in controversy. The present judgment correctly disposes of the action and proceeding and should not be reversed in that respect, but it should not stand as a conclusive adjudication of the facts or other controverted questions which should not have been considered. With that qualification, therefore:

*By the Court.*—Judgment affirmed.


SIEBECKER, J. (*concurring*). I concur in the affirmance of the judgment, but I cannot accede to the grounds upon which it is placed. I understand the grounds of decision expressed in the opinion of Mr. Justice DODGE are, in substance, that *mandamus* will not be granted in this case for the reasons (1) that the duty imposed on the engineer of the city is not a statutory one; and (2) the duty sought to be enforced, though assumed to be an absolute one, is a contractual obligation, and the courts will not exercise their power by the extraordinary writ of *mandamus* to compel performance of an obligation arising out of contract. I am of opinion that this extraordinary power of the court should be exercised to enforce contract obligations wherein this remedy

is appropriate and when there is no adequate and efficient remedy, either at law or in equity, to prevent failure of justice.    As to whether or not the duty imposed and sought to be enforced is a statutory duty, it seems to me that under the portion of sec. 925—94 quoted by the court the duty is one imposed by law.·  The city has no power or authority to make such payments except as it is granted by this statute.    The contract with plaintiff does not create such a duty, but is the medium by which the engineer is designated by the board of public works and the plaintiff to exercise the power authorized by this statute.    The duty thus imposed, under which the board of public works or an officer designated by it "may, from time to time, at their discretion," grant estimates of the amount and the value of work done, is a discretionary one. Since it is a discretionary duty *mandamus* will not lie, because this remedy is never employed to enforce duties resting in discretion.    The judgment should therefore be affirmed.

TIMLIN, J..  I concur in the foregoing.

BARNES, J. (*concurring*).    I assent to the correctness of the conclusion reached by the court, but do not concur in the reasons given for such conclusion.    I see no reason why an action at law might not be maintained to recover the amount of the partial payment to which plaintiff may be entitled, upon showing an arbitrary refusal on the part of the engineer to make the estimate provided for in the contract.    In the event of such refusal I think the facts which the engineer was called upon to determine could be proved by other competent testimony.    In no event would *mandamus* lie unless the right sought to be enforced was clear, and, if it was clear, the action of the engineer was necessarily arbitrary.    Hence the plaintiff had an adequate remedy by action at law, and *mandamus* would not lie.    I base my concurrence solely on the ground above stated.