4]   JANUARY TERM, 1915.   671

State ex rel. Quinn v. Thompson's M. F. Co. 160 Wis. 671.

STATE EX REL. QUINN, Respondent, vs. THOMPSON'S MALTED
FOOD COMPANY and others, Appellants.

*April 16—May 4, 1915.*

*Foreign corporations: Right of stockholder to examine books:* Man-
damus: *Proper parties: Statute construed: "Liability."*

1. The books of a foreign corporation being in Wisconsin in the cus-
tody of officers of the corporation who reside here, and all the
property of the corporation, as well as its principal office, being
in this state, a resident stockholder, acting in good faith, is en-
titled to a writ of *mandamus* to compel said officers to permit
him to examine the corporate records to ascertain who the stock-
holders are and what they paid for their stock.
2. The corporation is a proper party to such *mandamus* proceeding.
3. Sub. 10, sec. 1770*b*, Stats.—providing that "all foreign corpora-
tions and the officers and agents thereof doing business in this
state, shall be subjected to all the liabilities and restrictions that
are, or may be imposed upon corporations of like character, or-
ganized under the laws of this state,"—gives the same right of
examination in the case of a foreign corporation that exists
where a domestic corporation is involved.
4. The legal obligation or responsibility imposed upon domestic cor-
porations by sec. 1757, Stats., is a "liability," within the mean-
ing of said sub. 10, sec. 1770*b;* and the omission of the word "du-
ties" in adopting sub. 10, sec. 1770*b*, from the statute of Illinois
does not affect the matter here in question.
5. The word "liability" covers and includes legal responsibility and
legal duty; it is "the state of one who is bound in law and jus-
tice to do something which may be enforced by action."
[6. Whether or not the stockholder would have at common law the
same right as to examination which he is here held to have un-
der the statutes, is not decided.]

APPEAL from an order of the circuit court for Waukesha
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an application for an alternative writ of *man-
damus.* The petition sets forth that the *Thompson's Malted
Food Company* is a corporation organized under the laws of
the state of Arizona, and that the defendant *Thompson* is its
president and business manager and the defendant *Weigle* its
secretary; that the outstanding stock of said corporation was

sold in Wisconsin; that it has its principal offices in the city of Waukesha in said state; that all of its corporate property, assets, and books of account are located within the state, and that it is licensed to do business in Wisconsin; that it is engaged in the manufacture and sale of malted food products; that its capital stock consists of 1,000,000 shares of $1 each, and that petitioner holds thirty-five shares of its capital stock; that petitioner desired to obtain a list of the stockholders of said company and to examine its books to ascertain the amount paid by each stockholder for the stock held by him; that due demand was made upon the president and secretary of said corporation, who are the custodians of the books and records of said corporation, for the desired information, which demand was refused; that the request was made in good faith and at reasonable hours and without intent to hinder the business of the company or annoy its officers; that the action of said officers in refusing the demand made upon them was wrongful and contrary to law. The petition prayed that a writ of *mandamus* issue, directed to the defendants, compelling them to furnish the information requested. On such petition the alternative writ was issued and the defendants appeared and made a motion to quash, for the reason that the court had no jurisdiction of the persons named as defendants or of the subject matter of the action, and because it failed to state facts sufficient to constitute a cause of action or to authorize the issuance of the writ. Each of the defendants demurred separately to the petition on the grounds stated in the motion to quash. The demurrers and motion to quash coming on to be heard, the court made an order denying the motion and overruling the demurrers. From this order the defendants appeal.

The cause was submitted for the appellants on the brief of *Tullar, Lockney & Tullar,* and for the respondent on that of *Cochems & Wolfe.*

To the point that the courts of this state will not grant relief of this kind to stockholders in a foreign corporation,

counsel for appellants cited *In re Rappleye,* 43 App. Div. 84, 59 N. Y. Supp. 338; *In re Crosby,* 43 App. Div. 618, 59 N. Y. Supp. 340; *State ex rel. Burg v. Milwaukee Med. Coll.* 128 Wis. 7, 106 N. W. 116.

Counsel for respondent cited *State ex rel. Bergenthal v. Bergenthal,* 72 Wis. 314, 320, 39 N. W. 566; *State ex rel. Richardson v. Swift,* 7 Houst. 137, 30 Atl. 781; *Dunbar v. American T. & T. Co.* 224 Ill. 9, 79 N. E. 423; 4 Thompson, Corp. (2d ed.) § 4532; 5 Thompson, Corp. (2d ed.) § 6743; *State ex rel. Watkins v. North American L. & T. Co.* 106 La. 621, 31 South. 172; *Nettles v. McConnell,* 151 Ala. 538, 43 South. 838; *State ex rel. English v. Lazarus,* 127 Mo. App. 401, 105 S. W. 780; *Swift v. Richardson,* 7 Houst. 338, 347, 348, 32 Atl. 143; *Andrews v. Mines Corp.* 205 Mass. 121, 91 N. E. 122; *In re Sykes,* 10 Benj. (U. S.) 162, 163, Fed. Cas. 13,707; *Wood v. Currey,* 57 Cal. 208, 209; *Heywood v. Shreve,* 44 N. J. Law, 94, 104; *Berry v. K. C., Ft. S. & M. R. Co.* 52 Kan. 759, 34 Pac. 805, 808, 39 Am. St. Rep. 371; *Benge's Adm'r v. Bowling,* 106 Ky. 575, 51 S. W. 151; *Piller v. S. P. R. Co.* 52 Cal. 42, 44.

BARNES, J. The books sought to be examined were located in Wisconsin and were in the custody of officers of the corporation who resided here. All of the property of the corporation, as well as its principal office, is in Wisconsin. The question before us is whether a resident stockholder is entitled to a writ of *mandamus* to compel the custodians of the corporate records to submit them to such stockholder for examination for the purpose of ascertaining who the stockholders of the corporation are and what they paid for their stock, good faith being admitted. The circuit court answered the question in the affirmative. The appellants argue that the court erred (1) because the corporation is neither a proper nor a necessary party to the proceeding, and its demurrer should have been sustained in any event; and (2) because there is no authority in law for the examination

of the books of a foreign corporation in this state for the purpose for which the examination was sought in this proceeding:

1. While the corporation may not be a necessary party, it is a proper party. It may well be the real party in interest on the defendants' side of the case. If harm or good flows from the examination sought, the corporation will in all probability be affected. It is also desirable that the corporation should be a party for the protection of the relator. The directors of the corporation might oust its president and secretary during the pendency of the proceeding, or place the books and records sought to be examined in the hands of some other custodians, or send them out of the state. These things might well tend to hamper the relator and cause him delay and expense. With the corporation before the court and subject to its mandate, the relief sought may be speedily and effectually secured.

2. Appellants concede that, if the defendant corporation was organized under the laws of Wisconsin, the relator would have a right to make the desired examination under sec. 1757, Stats. Sub. 10 of sec. 1770b, Stats., provides:

"All foreign corporations and the officers and agents thereof doing business in this state, shall be subjected to all the liabilities and restrictions that are, or may be imposed upon corporations of like character, organized under the laws of this state, and shall have no other or greater powers."

Respondent argues that this statute gives the same right of examination in the case of a foreign corporation that exists where a domestic corporation is involved. The appellants contend that the quoted portion of sec. 1770b was taken verbatim from a statute of Illinois, except that one important word found in the Illinois statute was not included in ours; that the Illinois law subjects foreign corporations to all "the liabilities, restrictions and *duties*" imposed on domestic corporations of a like character, while our statute subjects the foreign corporation to "the liabilities and restrictions" only

imposed upon domestic corporations; that the word "duties" is the appropriate one to confer such a right as is here claimed to exist, and that the intentional omission of the word from our act shows that there was no purpose to confer the right which relator is attempting to enforce.

The word "liability" has a pretty broad meaning. It is generally held to cover or include legal responsibility and legal duty. Webst. Dict.; Cent. Dict.; 2 Bouv. Law Dict. 206 (Rawle's Rev.); 2 Abbott, Law Dict. 38; Anderson, Law Dict. 616; *Wood v. Currey,* 57 Cal. 208, 209; *Piller v. S. P. R. Co.* 52 Cal. 42, 44; *Heywood v. Shreve,* 44 N. J. Law, 94, 104; *Joslin v. New Jersey C. S. Co.* 36 N. J. Law, 141, 145; *Benge's Adm'r v. Bowling,* 106 Ky. 575, 51 S. W. 151; *McElfresh v. Kirkendall,* 36 Iowa, 224, 226.

Liability is "the state of one who is bound in law and justice to do something which may be enforced by action." 2 Bouv. Law Dict.; *Piller v. S. P. R. Co., supra; Heywood v. Shreve, supra.*

The legal obligation or responsibility imposed on a domestic corporation by sec. 1757, Stats., is a "liability," within the usual and ordinary meaning of that word in law and in common usage. There is a duty imposed on the corporation and a corresponding right given to the stockholder which may be enforced by action. This creates a liability on the part of the corporation. If this be so, then a like obligation is imposed on foreign corporations under sub. 10 of sec. 1770b.

The relator is seeking to enforce a clear statutory right and has resorted to the proper remedy. *State ex rel. Fire & R. P. C. Co. v. Icke,* 136 Wis. 583, 118 N. W. 196; *State ex rel. Weingart v. Board, etc.* 144 Wis. 516, 521, 129 N. W. 630. We do not wish to be understood as intimating that the relator would not have the same right at common law under the facts of this case which we hold he has by virtue of the statutes referred to.

*By the Court.*—Order affirmed.