[Civ. No. 5557.   Second Appellate District, Division Two.—May 11, 1927.]

## IZELLE EMERY SCOTT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Mandamus—Pleading—Conflict Between Petition and Answer—Stipulation—Record.—In a proceeding for a writ of mandate directed to a superior court, where the petition for the writ alleges that an amended petition for a writ of mandate was filed in said superior court to compel a board of education to reinstate the petitioner as a teacher in the public schools of a certain city; that a demurrer interposed thereto was sustained; that the petitioner, relying upon a rule of the superior court allowing time to amend upon the sustaining of a demurrer, filed a second amended petition, which on motion of the respondent was stricken from the files; and that the grounds of such motion were that the petition was filed without authority of law, without leave of court, and without notice to the respondent, a copy of a stipulation, entered into at the time of filing the first amended petition in the superior court proceeding, to the effect that such proceeding should be submitted for decision upon the pleadings as filed, and that such decision should be final, subject to the usual right of appeal (which copy respondent filed as an exhibit in support of its answer wherein it conflicted with the allegations of the petition filed in the appellate court), is both relevant and material as bearing upon the understanding of the parties, and particularly the intention of the superior court as to character of the judgment entered with reference to its finality.

[2] Id.—Reinstatement of School-teacher—Mandamus Proceeding in Superior Court Against Board of Education—Record.—In such proceeding, a copy of the judgment rendered in the superior court proceeding is admissible as an exhibit, as is also admissible a copy of the motion to strike out the second amended petition filed in the superior court as indicating the ground upon which the motion may have been granted, as are also admissible copies of the petitions filed in the superior court as bearing upon the question as to whether or not the second amended petition may have been properly stricken out as sham.

[3] Id.—Questions of Law and Fact—Right to Raise by Answer.—Under section 1094 of the Code of Civil Procedure, an answer to a petition for a writ of mandate may raise questions of law as well as of fact.

[4] ID.—JUDGMENT OF SUPERIOR COURT—FINALITY OF.—In such proceeding, the judgment rendered in the superior court preceeding on the first amended petition and demurrer thereto having provided that "the court being advised in the premises, and the court having duly made and entered its order sustaining its demurrer to said amended petition as presented and embodied in the said return. It is therefore ordered, adjudged and decreed that petitioner take nothing; that the issuance of a peremptory writ of mandate in the above proceeding be, and the same is hereby denied, and that the alternative writ of mandate heretofore issued herein be, and the same is hereby discharged," such judgment upon its face was a complete disposition of the matter before the superior court and showed that the court regarded the issue as joined by the demurrer to the amended petition.

[5] ID.—JUDGMENTS.—A judgment should be the simple sentence of the law upon material facts admitted by the pleadings or found by the court.

[6] ID.—STIPULATION—JUDGMENT—INFERENCES.—In such proceeding, it may reasonably be inferred that the superior court intended to act upon the stipulation of the parties to the effect that a final decision of the proceeding should be made when the court should pass upon the demurrer to the amended petition.

[7] ID.—FINAL JUDGMENT—APPEAL—REMEDIES.—In such proceeding, the judgment rendered in the superior court proceeding being a final judgment, the petitioner has a remedy by appeal, and if the remedy by appeal is plain, speedy, and adequate, *mandamus* will not issue.

[8] ID.—PETITIONS—SHAM—DISCRETION.—In such proceeding, it cannot be said from an inspection of the first and second amended petitions filed in the superior court proceeding that, if the order striking out the second amended petition was given upon the ground that it was sham in that it was not distinguishable in any material respect from the first amended petition to which the demurrer had been sustained, the ruling of the trial court in that regard would be an abuse of discretion.

[9] ID.—RULE OF SUPERIOR COURT — PLEADING — STIPULATION — JUDGMENTS.—In such proceeding, the stipulation of the parties submitting the superior court proceeding for final decision upon the first amended petition and demurrer thereto, and the judgment thereon, were sufficient to take the proceeding out of the rule

---

4. What are final and interlocutory judgments, note, 60 Am. **Dec.** 427. See, also, 2 Cal. Jur. 136; 14 Cal. Jur. 864; 2 R. C. L. 40.

5. See 14 Cal. Jur. 852; 15 R. C. L. 569.

7. Writ of *mandamus,* what is and when allowable, note, 89 **Am. Dec.** 728. See, also, 16 Cal. Jur. 787; 18 R. C. L. 100.

of the superior court allowing ten days within which to amend any of certain pleadings upon the sustaining of a demurrer thereto unless otherwise ordered by the court.

---

(1) 38 C. J., p. 916, n. 65.    (3) 38 C. J., p. 886, n. 80.    (4) 38 C. J., p. 903, n. 43.    (5) 33 C. J., p. 1051, n. 23.    (7) 38 C. J., p. 565, n. 24, p. 571, n. 73, p. 656, n. 92.    (8) 38 C. J., p. 899, n. 69.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to hear and determine amended petition for writ of mandate. Stephen. G. Long, Judge. Writ denied.

The facts are stated in the opinion of the court.

W. A. Alderson for Petitioner.

Everett W. Mattoon, County Counsel, and Pierce Works, Deputy County Counsel, for Respondents.

CRAIG, Acting P. J.—The present proceeding is one by which it is asked that a peremptory writ of mandate be directed to the Superior Court of Los Angeles County. The proceeding in the superior court was one of a similar character, by which it was sought to compel the board of education to reinstate the petitioner as a teacher in the public schools of the city of Long Beach.

The petition before us alleges that petitioner is a permanent teacher in the public schools of said city, as defined in section 1609 of the Political Code; that she was wrongfully dismissed from that position by the board of education of Long Beach, and that she thereafter began the proceeding in mandate above mentioned in the Superior Court of Los Angeles County; that an amended petition was filed in that proceeding, and a demurrer interposed thereto by the respondent board of education, which was on October 25, 1926, sustained, no other order being made; that there was then in effect a rule of the superior court allowing ten days within which to amend any of certain pleadings upon the sustaining of a demurrer thereto unless otherwise ordered by the court; that the petitioner, relying upon this rule, on October 28, 1926, filed a second amended petition, which was on motion of respondents stricken from the files; that

the ground of this motion was that the petition was filed without authority of law, without leave of court, and without notice to the respondent; that the motion to strike the second amended petition was granted on the twenty-second day of December, 1926, and thereupon judgment in favor of the respondent was entered by the court.

The answer raises certain issues both of law and of fact. Concerning matters of fact it is alleged that at the time of the service and filing of the first amended petition in the Superior Court proceeding it was stipulated that such proceeding should be submitted for decision upon the pleadings as filed, and that such decision should be final, subject to the usual right of appeal; that the order sustaining the demurrer was a final adjudication of the matter, and that it was made on October 20th and entered on October 25, 1926, and that the judgment in favor of respondent was signed on October 28, 1926, by a judge of the Superior Court, and was on that day forwarded to the county counsel for filing. The answer further alleges that the motion to strike the second amended petition was not only based upon the ground alleged in the petition, but also upon the further ground that such petition was sham and an attempt to evade the ruling of the court upon the demurrer theretofore sustained to the first amended petition; also it is denied that the petitioner in filing her second amended petition in the Superior Court relied upon the rule allowing an amended pleading to be filed as heretofore recited, but alleges that on October 27, 1926, said petitioner prepared and served a notice of motion for leave to amend her first amended petition, which motion was later argued, submitted and on December 3, 1926, was denied. [1] The respondent, in support of the allegations of its denials and allegations of its answer wherein it conflicts with the allegations of the petition, filed copies of certain pleadings and papers offered in the Superior Court proceeding, to which the petitioner objects on the ground that they are immaterial and irrelevant. One of these exhibits is a copy of the stipulation providing for filing of a second amended petition. This, we think, is both relevant and material as bearing upon the understanding of the parties, and particularly the intention of the trial court as to the character of the judgment entered with reference to its finality. [2] Another exhibit

which obviously is admissible upon the same issue is a copy of the judgment itself. Also a copy of the motion to strike is admissible as indicating the ground upon which the motion may have been granted, as are copies of the petitions as bearing upon the question as to whether or not the second amended petition may have been properly stricken out as sham.

[3] At the outset the sufficiency of the answer is challenged because it is said to be half demurrer and half plea. An examination of the pleading in question shows that, in addition to joining issue upon certain allegations of fact contained in the petition and alleging others constituting new matter, it also raises issues of law. Although no motion to strike has been presented, we are asked to hold that the answer is wholly bad and to disregard it and to decide the case upon the allegations of the verified petition under section 1088 of the Code of Civil Procedure. Even if petitioner's criticism of the answer were well founded, we would not consider such harsh treatment as that sought by the petitioner to be consistent with the liberal tone of our law as applied to pleadings, nor as conducive to a judicial determination on the basis of exact justice. Some of the averments of the answer raising issues of law are in response to allegations in the petition stating conclusions of law. These and other statements in the answer which appear to present issues of law might be treated as surplusage and disregarded, were this necessary to preserve the rights of the respondent where, as here, the petitioner has made no such attack upon the answer as if resolved in her favor would permit of an amendment thereto. But the claim is earnestly made by petitioner that a proper answer in a proceeding in mandate cannot, if it is to be maintained as an answer, raise both questions of law and of fact. The respondent asserts with equal assurance that our Code of Civil Procedure in the chapter dealing with proceedings in mandate has expressly authorized pleading of both classes of issues in the one return of the respondent. The question is squarely presented, probably for the first time in this jurisdiction. It is, we think, entitled to the expression of our opinion, although, as we have indicated, our decision might be based upon other grounds. Section 589 of the Code of Civil Procedure provides that an issue of law arises

upon a demurrer to a complaint or answer or to some part thereof. But section 1094 of the Code of Civil Procedure clearly indicates that in mandate proceedings a question of law may be raised in a different manner than as provided in section 589 of the same code. Section 1094, referring to proceedings in mandate, provides, ''If the answer raise no question of law . . . the court may proceed to hear or fix a day for hearing the argument of the case.'' We think the language is susceptible of no other fair construction than that the answer may raise questions of law, and that it may also raise questions of fact. While it is true that generally the rules of practice are the same in proceedings in mandate as in civil cases, this being expressly provided in section 1109 of the Code of Civil Procedure, still, that very section provides that such rules may not be identical, and anticipates exceptions where they are not the same, for it reads: ''Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title.''

Apparently the pleadings of the parties in mandate constitute an outstanding exception to the rule above mentioned. Special provisions are made for such pleadings. These are contained in chapter II, title I, of the Code of Civil Procedure, and the whole scheme is set up in sections 1089, 1091, and 1094 thereof. From this it is apparently contemplated that the pleadings shall be as follows: A petition for the writ similar to a complaint in a civil action; an answer by the adverse party, and a demurrer or replication to the answer of the respondent. It is significant that, although express provision is made for the demurrer to the answer, no provision is made for a demurrer to the petition. If this were all, the conclusion that no demurrer to the petition was intended might be in doubt, for it might be contended that it could not well have been the intention of the legislature to exclude all means of raising questions of law. But we find in section 1094 evidence that such was not intended and that the necessity for a vehicle through which to present questions of law was not overlooked, for here we have a definite authority for the raising of this kind of an issue by an answer to the petition. We are not required in deciding the issues now before us to say that a demurrer to the petition in mandate is not permitted, but we do hold that the

answer may be used to raise question of law as well as of fact, and that although the answer filed by the respondents here raises both, it is a good pleading in so far as objection upon that ground is concerned.

We now proceed to consider the merits of this proceeding as presented by the petition, the answer, and the exhibits which we have ruled are properly before us.

[4] The judgment which was rendered in the Superior Court provides that: " . . . the court being fully advised in the premises, and the court having duly made and entered its order sustaining the demurrer to said amended petition as presented and embodied in the said return. It is therefore ordered, adjudged and decreed that petitioner take nothing; that the issuance of a peremptory writ of mandate in the above proceeding be, and the same is hereby denied, and that the alternative writ of mandate heretofore issued herein be, and the same is hereby discharged."

Upon its face this is a complete disposition of the matter—a judgment as final in form as could have been rendered after a trial, and it is apparent that the court regarded the issue as joined by the demurrer to the amended petition. "A judgment in a special proceeding is the final determination of the rights of the parties therein." (Code Civ. Proc., sec. 1064.) It is "the decision or sentence of the law, given by a court or competent tribunal, as a result of a proceeding instituted therein for the redress of an injury." (*Stearns v. Aguirre*, 7 Cal. 443.) Here the petitioner instituted a proceeding seeking redress and a certain remedy for an alleged injury. She sought a peremptory writ to compel the board of education of Long Beach to recognize her right as a regular teacher in the public schools and to reinstate her as such therein. The court, after being fully advised, and, of course, having assumed for the purposes of its decision the truth of every averment of her petition, decided as a matter of law that she possessed no such right, and, therefore, refused to render the redress which she sought.

[5] A judgment should be the simple sentence of the law upon material ultimate facts admitted by the pleadings or found by the court. (*Rankin v. Newman*, 107 Cal. 602 [40 Pac. 1024, 41 Pac. 304]; *Gregory v. Nelson*, 41 Cal. 280.) Here the petitioner must be presumed to have pleaded the ultimate facts and the demurrer admitted them. The deci-

sion that petitioner take nothing, and particularly that she be denied the remedy prayed for, is a simple sentence of the law upon such admitted facts.

[6] If there were any doubt as to the intention of the court with respect to the finality of its judgment the stipulation of the parties which was on file, and presumably in the mind of the trial judge when the judgment was rendered, we think clearly indicates that the parties had agreed that a final decision of the proceeding should be made when the court should pass upon the demurrer to the amended petition; and it may reasonably be inferred that the court intended to act upon this stipulation and decide the proceeding. This stipulation provides: " . . . that said petition may be filed and this proceeding shall be submitted on said amended petition. . . . That on the filing of the last of said briefs this proceeding shall be submitted for decision." And so we think the order of the court in question is surely a final judgment.

[7] This being so, the petitioner has a remedy by appeal. (Code Civ. Proc., sec. 963.) If the remedy by appeal provided by law is plain, speedy, and adequate, respondent insists that *mandamus* will not issue. This is undoubtedly the rule. (16 Cal. Jur., p. 787; *Aldrich* v. *Superior Court,* 135 Cal. 12 [66 Pac. 846]; *People* v. *Superior Court,* 114 Cal. 466 [46 Pac. 383]; *Sheerer & Co.* v. *Hutton,* 7 Cal. App. 524 [94 Pac. 849]; *Gutierrez* v. *Superior Court,* 106 Cal. 171 [39 Pac. 530]; *San Joaquin County* v. *Superior Court,* 98 Cal. 602 [33 Pac. 482]; *Green* v. *Hebbard,* 95 Cal. 39 [30 Pac. 202]; *People* v. *Pratt,* 28 Cal. 106 [87 Am. Dec. 110].)

Upon this phase of the matter both parties refer to *Wood* v. *Strother,* 76 Cal. 545 [9 Am. St. Rep. 249, 18 Pac. 766]. In the opinion in that case the Supreme Court has reviewed the decisions of this and other jurisdictions. Upon the proper scope of the writ of *mandamus* and the limitations upon its use the rule is clearly epitomized in the following statement: "The propriety of the issuance of the writ in any case must depend upon whether, under the law of the state where the litigation arises, the determination was intended to be final; and if not, upon whether the system of practice furnishes any other adequate remedy." And again, in this language: " . . . If the determination of the tri-

bunal was intended to be final, it is plain that it cannot be disturbed, either on *mandamus* or in any other way. If it was not intended to be final, but there is another 'plain, speedy, and adequate remedy,' the writ cannot issue; for it was not designed to usurp the place of other remedies. But if the determination was not intended to be final, and there is no other adequate remedy, the writ must issue. Otherwise, there would be an admitted wrong without a remedy. The writ issues in such case to prevent a failure of justice.''

The cases cited by petitioner in support of the contention that her remedy by appeal is inadequate, and that *mandamus* will lie in this instance, do not uphold that claim. A number of them were cases where the writ was used to compel the trial court to render judgment, or take other affirmative action to which the petitioner was entitled, such as for a case to be dismissed, to have a commission issued to take a deposition, or to determine a motion to tax costs. We need not say more to distinguish these authorities from the proceeding before us.

As we have said, an inspection of the exhibits, and particularly the copy of the notice of motion to strike petitioner's second amended petition in the Superior Court, shows that one of the grounds stated was that said petition was sham and an attempt to evade the ruling of the court on demurrer to the first amended petition. This fact was omitted from the petition. It should not have been left out of that pleading, for it is as conspicuous a part of the motion to strike as is the ground stated in the petition here, to wit, that said second amended petition ''was filed without authority of law, without leave of court, and without notice to respondents, or any of them, as provided by law.'' The motion to strike was granted without specification by the court of the ground upon which its ruling was based. We need not here determine whether or not the second amended petition was objectionable on the ground stated in the motion. It is sufficient in that regard that both the first and second amended petitions were before the court. [8] From our inspection of them we cannot say that if the order was given upon the ground that the second amended petition was sham in that it was not distinguishable in any material respect from the first amended petition to which a demurrer had been sustained, the ruling of the trial court in that

regard would be an abuse of discretion. It was surely a matter well within its jurisdiction to pass upon the motion, and if it was of the opinion that the pleading was sham, to order it stricken from the files, and thereafter to enter final judgment.

[9] The stipulation heretofore discussed and the judgment thereon were certainly sufficient to take the proceeding out of the rule upon which petitioner relies, the operation of which is only of effect when not "otherwise ordered by the court."

Entertaining the views which we have expressed, it is not necessary to pass upon other points presented in the briefs. The application for a peremptory writ of mandate is denied.

Thompson, J., and Johnson, J., *pro tem.*, concurred.