263 Cal.App.2d 264 (1968)
LOTUS CAR LTD., Plaintiff and Appellant,
v.
THE MUNICIPAL COURT OF THE SOUTHERN JUDICIAL DISTRICT OF SAN MATEO COUNTY, Defendant and Respondent; ROBERT WARD, Real Party in Interest and Respondent.
Civ. No. 25162. 
California Court of Appeals. First Dist., Div. One. 
June 19, 1968.
 Glad & Tuttle and Robert Glenn White for Plaintiff and Appellant.
 No appearance for Defendant and Respondent.
 L. F. Haeberle III and Desmond O'Neill for Real Party in Interest and Respondent.
 MOLINARI, P. J.
 This is an appeal from the judgment of the superior court denying a petition for a writ of mandate seeking to compel the municipal court to quash service of summons on petitioner. The real party in interest, Robert Ward, brought the original action in the municipal court against Rod Carbeth Enterprises, Inc. and petitioner, Lotus Car Ltd. (hereafter referred to as "Lotus"), alleging negligent manufacture of a Lotus automobile and breach of warranty with respect thereto and asking property damages arising out of a collision against an embankment in this state. The municipal court ordered service of summons on Lotus by *267 delivery of a copy of the summons to the Secretary of State pursuant to Corporations Code sections 3301-3304 and 6501, and the office of the Secretary of State of California mailed a letter to Lotus in England informing it of said service of summons. After denial of its motion in the municipal court to quash the summons for lack of personal jurisdiction, Lotus petitioned for mandate in the superior court, and an alternative writ issued ordering the municipal court to show cause why the summons should not be quashed. After a hearing the superior court denied the peremptory writ and the instant appeal resulted. [fn. 1]
 The petition for the writ of mandate alleges that Lotus is an English firm which has never qualified to do business in California, has never authorized anyone to accept service of process in California, and does not maintain any offices, warehouses, employees, agents, or sales personnel in this state; and that Lotus cars are sold ex-factory and f.o.b. England, and price, title, and all risks pass at the factory or at the dockside in England, with the costs of shipment being borne by the person selling the automobile in this country.
 The return of the real party in interest to the petition for mandate denies all of the foregoing allegations and alleges that Lotus Car Ltd. is listed in the yellow pages of the telephone directories for San Mateo, San Francisco, and Alameda Counties; that Bob Cole Imports in San Mateo County advertises sales, parts and accessories for Lotus cars; and that four named dealers or distributors are actively engaged in sales promotion and service of Lotus cars.
 No replication to the return was filed by petitioner nor did it present any proof at the hearing. Moreover, no evidence was presented at the hearing by the real party in interest. The mandamus hearing consisted solely of the argument of counsel for petitioner and the real party in interest. [fn. 2]
 [1] In a mandamus proceeding the court may hear the matter upon the papers filed and the argument when only a question of law is raised. (Code Civ. Proc., 1094; [fn. 3] Lassen v. City of Alameda, 150 Cal.App.2d 44, 47 [309 P.2d 520]; *268 Baumgardner v. City of Hawthorne, 104 Cal.App.2d 512, 517 [231 P.2d 864]; English v. City of Long Beach, 114 Cal.App.2d 311, 316 [250 P.2d 298].) [2] When a question of fact is raised in the answer the petitioner has the right to countervail it by proof either in direct denial or by way of avoidance. ( 1091; Lassen v. City of Alameda, supra; Kimberlin v. Los Angeles City High School Dist., 115 Cal.App.2d 459, 464 [252 P.2d 344]; Day v. City of Los Angeles, 189 Cal.App.2d 415, 418 [11 Cal.Rptr. 325].) Accordingly, when a question of fact is raised by an answer to a petition for writ of mandamus the matter is heard in the same manner as any other trial. (See 1089 and 1090; Lassen v. City of Alameda, supra; English v. City of Long Beach, supra.)
 [3] Under section 1091 a petitioner may file a replication denying the affirmative averments of the answer, or he may controvert them by proof presented by him at the hearing. (See McClatchy v. Matthews, 135 Cal. 274, 276 [67 P. 134]; Fox v. Workman, 6 Cal.App. 633, 635 [92 P. 742]; Kimberlin v. Los Angeles City High School Dist., supra, 115 Cal.App.2d 459, 464; Day v. City of Los Angeles, supra, 189 Cal.App.2d 415, 418.) Such affirmative allegations are accepted as true unless they are controverted by such pleading or proof. (McClatchy v. Matthews, supra; Kimberlin v. Los Angeles City High School Dist., supra; Day v. City of Los Angeles, supra.) Accordingly, if such affirmative averments of the answer are not so controverted and the case is submitted on the petition and answer alone, the uncontroverted allegations of the answer must be taken as true. (McClatchy v. Matthews, supra; Fox v. Workman, supra; Charles L. Donohoe Co. v. Superior Court, 79 Cal.App. 41, 44-45 [248 P. 1007]; Brown v. Superior Court, 10 Cal.App.2d 365, 368 [52 P.2d 256]; Friedland v. Superior Court, 67 Cal.App.2d 619, 623 [155 P.2d 90]; Hunt v. Mayor & Council of Riverside, 31 Cal.2d 619, 623 [191 P.2d 426]; Kimberlin v. Los Angeles City High School Dist., supra; Day v. City of Los Angeles, supra.)
 [4] In the present case petitioner introduced no evidence in support of the allegations of its petition, nor did it stipulate with the real party in interest as to the facts, but merely joined with the latter in submitting the matter on the pleadings and the oral argument. The real party in interest's return, by way of an answer under oath, admitted that the Secretary of State of the State of California served petitioner in England by mail with a copy of the summons and complaint pursuant to Corporations Code sections 6501 and 6503 providing for service on foreign corporations; that petitioner *269 made a motion in the municipal court to quash service of summons for lack of jurisdiction; and that such motion was denied. The remaining allegations of the petition were specifically denied in said return. Under the circumstances, the petition was like any other complaint in a civil action in that the allegations not admitted to be true could not be accepted as true. (See 1089; Scott v. Superior Court, 83 Cal.App. 25, 30 [256 P. 603]; W. R. Grace & Co. v. California Emp. Com., 24 Cal.2d 720, 726 [151 P.2d 215]; Baumgardner v. City of Hawthorne, supra, 104 Cal.App.2d 512, 515, 517.) Moreover, since petitioner did not controvert the affirmative allegations of the return by replication or proof, we must accept as true and as evidence the allegations that Lotus is listed in the yellow pages of the specified telephone directories and that the four named dealers or distributors are actively engaged in the sales promotion and service of Lotus cars. (See Kimberlin v. Los Angeles City High School Dist., supra, 115 Cal.App.2d 459, 464.) [fn. 4]
 In the light of the foregoing, the only evidence established by petitioner was that it was a foreign corporation and that it was served with process in a California action by the Secretary of State in a manner provided for service on a foreign corporation. On behalf of the real party in interest the only evidence adduced was that establishing that petitioner is listed in certain telephone directories in this state and that there are four dealers and distributors actively engaged in the sales and service of Lotus cars in this state. Accordingly, unless it can be said that under the state of this record no issue was tendered by the return to the petition and that the admitted allegations of the petition sufficed to entitle petitioner to the peremptory writ as a matter of law, the issues tendered by the respective pleadings had to be disposed of before the writ could be issued. (See Sterling Corp. v. Superior Court, 207 Cal. 370, 373 [278 P. 859].)
 We must, preliminarily, take note of certain applicable principles of law. [5] In order for a foreign corporation to be amenable to service of process and the jurisdiction of the California courts, the corporation must be "doing business in this state." ( 411, subd. 2; Corp. Code, 6500-6504.) That term has, by the courts, been equated with such relevant minimum contracts with the state that the maintenance of the suit does not as a matter of due process offend traditional notions *270 of fair play and substantial justice. (International Shoe Co. v. Washington, 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057]; Henry R. Jahn & Son v. Superior Court, 49 Cal.2d 855, 858 [323 P.2d 437]; H. Liebes & Co. v. Erica Shoes, Inc., 237 Cal.App.2d 25, 27 [46 Cal.Rptr. 470]; Harry Gill Co. v. Superior Court, 238 Cal.App.2d 666, 667 [48 Cal.Rptr. 93].) In determining whether jurisdiction may constitutionally be assumed the following factors have received attention by our courts: "The interest of the state in providing a forum for its residents [citation] or in regulating the business involved [citation]; the relative availability of evidence and the burden of defense and prosecution in one place rather than another [citations]; the ease of access to an alternative forum [citation]; the avoidance of multiplicity of suits and conflicting adjudications [citations]; and the extent to which the cause of action arose out of defendant's local activities [citations]. ..." (Fisher Governor Co. v. Superior Court, 53 Cal.2d 222, 225-226 [1 Cal.Rptr. 1, 347 P.2d 1]; see H. Liebes & Co. v. Erica Shoes, Inc., supra.)
 [6] The general rule is that in a mandamus proceeding the burden is on the petitioner to prove every fact that is at the foundation of his proceeding excepting such allegations of the petition as are admitted by the answer. (Sterling Corp. v. Superior Court, supra, 207 Cal. at p. 373; Cothran v. Cook, 146 Cal. 468, 470-471 [80 P. 699]; Hippen v. Ford, 129 Cal. 315, 317 [61 P. 929]; Consumers Salt Co. v. Riggins, 208 Cal. 537, 543 [282 P. 954].) This rule has its exceptions. Accordingly, a presumption may shift the burden to the respondent (McGowan v. Ford, 107 Cal. 177, 186-187 [40 P. 231]), and where a prima facie case for the issuance of the writ is made out on presentation of the petition, the burden is thrown on the respondent to refute it. (Vela v. Huberty, 1 Cal.2d 466, 467 [35 P.2d 531].) In the instant case petitioner asserts that the burden of presenting evidence that petitioner is subject to constructive service is upon the real party in interest. [7] In this regard we note that it is settled in this state that the burden of proof is upon the party who seeks to make constructive service upon a foreign corporation to show that such corporation is amenable to such process and the jurisdiction of the California courts. (Atkins, Kroll & Co. v. Broadway Lbr. Co., 222 Cal.App.2d 646, 653 [35 Cal.Rptr. 385, 12 A.L.R.3d 880]; Martin Bros. Elec. Co. v. Superior Court, 121 Cal.App.2d 790, 794 [264 P.2d 183]; Holtkamp v. States Marine Corp., 165 Cal.App.2d 131, 137 [331 P.2d 679]; *271 Briggs v. Superior Court, 81 Cal.App.2d 240, 241 [183 P.2d 758].) [8] In the light of this last mentioned principle, we must hold that in a mandamus proceeding brought by a defendant pursuant to section 416.3 to compel quashing of service of summons, the burden of proving that a foreign corporation is amenable to constructive service of process is upon the plaintiff where the defendant corporation makes out a prima facie case showing that it is a foreign corporation upon whom such process has been attempted.
 [9] In the instant case petitioner made out such a prima facie case. However, such a case sufficed to show no more than the fact that petitioner was a foreign corporation upon whom the real party in interest had effected a purported constructive service. It did not negate that petitioner was doing business in California.petitioner labors under the misconception that all of the facts alleged in its verified petition must be accepted as true. But, as already pointed out, the petition is like any other complaint in a civil action. Statement of facts therein alleged controverted by answer must be established by evidentiary proof. No evidence was adduced by petitioner to prove the allegations of its petition that it was an English firm not qualified to do business in California; that it had never authorized anyone to accept service of process in California; that it did not maintain any offices, warehouses, employees, agents, or sales personnel in this state; and that it sold its cars ex-factory and f.o.b. England. As against petitioner's prima facie case the real party in interest proved the uncontradicted facts that petitioner is listed in the telephone directory in three California counties; that a firm in one of these counties advertises sales, parts and accessories forpetitioner's cars; and that four named distributors in this state are actively engaged in sales promotion and service of petitioner's cars. This evidence supports a finding that there were minimum contacts sufficient to sustain service of process upon petitioner. (See H. Liebes & Co. v. Erica Shoes, Inc., supra, 237 Cal.App.2d at pp. 27-28; Harry Gill Co. v. Superior Court, supra, 238 Cal.App.2d at pp. 667, 671-674; Fisher Governor Co. v. Superior Court, supra, 53 Cal.2d 222, 225-226; Regie Nationale Des Usines Renault v. Superior Court, 208 Cal.App.2d 702, 703 [25 Cal.Rptr. 530]; Cosper v. Smith & Wesson Arms Co., 53 Cal.2d 77, 83-84 [246 P.2d 409]; Waco- Porter Corp. v. Superior Court, 211 Cal.App.2d 559, 565-566 [27 Cal.Rptr. 371].) Accordingly, since such evidence supported such a finding, it sufficed to satisfy the real *272 party in interest's burden of proof as against petitioner's prima facie case.
 [10] Ordinarily, when a question of fact is raised by a mandamus proceeding, findings of fact are required unless waived by the parties. (Lassen v. City of Alameda, supra, 150 Cal.App.2d 44, 48; Delany v. Toomey, 111 Cal.App.2d 570, 571 [245 P.2d 26]; Beloin v. Blankenhorn, 97 Cal.App.2d 662, 664 [218 P.2d 552].) In the instant case no findings were made by the court below. However, none were required since the only facts in the case warranting the conclusion that petitioner was amenable to service of process and the jurisdiction of the California courts are admitted by petitioner. No finding is necessary as to any allegation admitted by the pleadings. (Weisberg v. Loughridge, 253 Cal.App.2d 416, 422 [61 Cal.Rptr. 563]; Kennedy v. Byrum, 201 Cal.App.2d 474, 478 [20 Cal.Rptr. 98]; Paramount Citrus Assn. v. Jacobsen, 162 Cal.App.2d 147, 157 [328 P.2d 14]; City of Los Angeles v. Gage, 127 Cal.App.2d 442, 450 [274 P.2d 34].)
 The judgment is affirmed.
 Sims, J., and Elkington, J., concurred.
NOTES
[fn. 1] 1. A judgment denying a petition for a writ of mandamus is appealable as a final judgment in a special proceeding. (Code Civ. Proc., 1064, 963; Knowles v. Thompson, 133 Cal. 245, 248 [65 P. 468].)
[fn. 2] 2. The record discloses, moreover, that no effort was made by either party to make the evidence adduced at the municipal court hearing a part of the record in the superior court.
[fn. 3] 3. Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.
[fn. 4] 4. At the hearing counsel for petitioner admitted in his argument that there are distributors of its cars in California.