[Civ. No. 3056. Second Appellate District, Division One.—June 9, 1919.]

THE CITY OF ORANGE (a Municipal Corporation), Petitioner, v. W. E. CLEMENT, as Treasurer, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—SPECIAL MEETING OF TRUSTEES—WANT OF NOTICE.—A special meeting of the board of trustees of a city of the sixth class and all proceedings thereof are void where written notice of such meeting is not given, and one member of the board is absent.

[2] ID.—VOID PROCEEDINGS—RATIFICATION AT SUBSEQUENT MEETING.— The proceedings taken by the board of trustees at such special meeting, being void, cannot be ratified at a subsequent regular meeting of the board.

[3] ID.—SUFFICIENCY OF RESOLUTION AS ORIGINAL PROCEEDING.—A resolution, passed at a regular meeting of the board of trustees of a city of the sixth class, attempting to ratify proceedings taken at a prior void special meeting, in order to constitute authority for the issuance of a warrant in payment for certain lands for use as a city hall site must be sufficient in itself as an original proceeding for the purchase of the property and as an original order for the payment of the amount specified.

PROCEEDING in Mandamus to compel the treasurer of a city of the sixth class to pay a warrant. Petition denied.

The facts are stated in the opinion of the court.

W. R. Garrett, City Attorney, and Scarborough & Forgy for Petitioner.

F. C. Drumm and Head & Rutan for Respondent.

CONREY, P. J.—*Mandamus.* Assuming the facts to be those stated in the petition filed by plaintiff herein, an alternative writ of mandate was issued requiring that the defendant, as treasurer of the city of Orange, a city of the sixth class, pay out of the city hall fund of the city of Orange a certain warrant for the sum of $3,150 in payment for certain lands alleged to have been purchased by

41 Cal. App.—32

the city to be used as a city hall site, or show cause why he did not pay the same.

The complaint alleged that on March 3, 1919, at a special meeting of plaintiff's board of trustees, duly called to consider certain offers and proposals to sell to the plaintiff suitable lots for the stated purpose, a resolution was duly adopted by the vote of four members of said board, the fifth member being absent, which resolution determined that the city should purchase certain described lots at a stated price, and which resolution was duly approved and published; that on April 14, 1919, at a regular monthly meeting of the board of trustees, a resolution was adopted which, after reciting the adoption and publication of the former resolution and that no objection had been made thereto and that no request for a referendum thereon had been presented or filed, ordered that the warrant be drawn; that said warrant was drawn and presented to the defendant, who refused to pay the same; that at an adjourned regular meeting of the board of trustees duly held on April 30, 1919, said refusal of the treasurer to pay said warrant was reported to the board, and thereupon a resolution was duly adopted by unanimous vote of the four members then present, ratifying and confirming all proceedings of the board for the purchase of said lots, and directing that proceedings be taken to compel defendant to pay the warrant; that at a special meeting of said board duly called and held on May 15, 1919, at which all members of the board were present and voting, a resolution was unanimously adopted demanding the payment of said warrant and instructing that the city attorney present the warrant to the defendant and demand payment of the same; that such demand was made, but defendant refused to make the demanded payment.

In his answer to the petition, defendant denied that any special meeting of the board of trustees was held on March 3, 1919, to consider said offers or proposals, or for any purpose, and denied that at any meeting of said board of trustees any resolution was adopted as alleged in the paragraph of the petition referring to said meeting of March 3, 1919. Evidence was heard by this court upon the issue so raised. [1] From such evidence it appears, and this court finds, that no written notice of said alleged special

meeting of March 3, 1919, was delivered to any member of the board of trustees, and that one member of the board was absent from the alleged meeting. This being so, it follows that said meeting and all proceedings thereof were void. (Municipal Corporations Act, sec. 858; Stats. 1883, p. 268; Deering's General Laws, 1915 ed., p. 1121.)

[2] Counsel for petitioner contend that, even if the meeting and resolution of March 3, 1919, are void, the warrant nevertheless is valid by reason of the resolution of April 14, 1919, adopted at a regular meeting of the board; that the board of trustees had power at such regular meeting to ratify the former proceedings, and, at all events, had power at that time to purchase the property and order that a warrant issue to pay the purchase price. This contention cannot be sustained on the ground that it was a ratification of former proceedings. Those proceedings were not merely defective action occurring at a legally constituted meeting; they were absolutely void and were no action at all on the part of the city or any authorized agency thereof. [3] In order to constitute authority for the issuance of the warrant in question, the resolution of April 14, 1919, must first be held to be sufficient in itself as an original proceeding for the purchase of the property and as an original order for the payment of the amount specified. But this resolution did not contain any language purporting to constitute a present determination that the city acquire land for city hall purposes or at all. It is wholly without those elements of legislative action which must precede the acquisition of property for purposes like those here proposed. There being, therefore, no legal ground for the issuance of the warrant, the defendant was justified in his refusal to make the demanded payment.

The petition for a peremptory writ is denied, and the alternative writ is discharged.

Shaw, J., and James, J., concurred.