[Civ. No. 10758.  Second Appellate District, Division One.—July 7, 1936.]

THOMAS J. POTTER, Respondent, v. THE CITY OF COMPTON (a Municipal Corporation) et al., Appellants.

Ralph K. Pierson, City Attorney, Mitchell & Johnson and James H. Mitchell for Appellants.

Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Respondent.

SHINN, J., *pro tem.*—Appeal by the City of Compton, members of the City Council, and the city manager from a

judgment granting a peremptory writ of mandate requiring the defendants to reinstate petitioner, respondent herein, as chief of police of said city, after his discharge from said office by the defendants and his reinstatement by the civil service board of the city.

The sole question in the case is whether the action of the city manager in removing petitioner was final and not subject to review by the civil service board.

Appellants contend that the board was never lawfully created because the ordinance purporting to create it was not legally adopted. The procedure followed in adopting the ordinance was the following: On May 7, 1935, the following title of a proposed ordinance was presented, read and entered in the minutes of the council: "Ordinance No. 368. An ordinance of the City of Compton providing for a Civil Service system in said city; authorizing a Civil Service Commission and providing for the selection and appointment of members thereof, and defining their powers and duties; and providing certain rules and regulations pertaining to said Civil Service system." At that time the ordinance had been partly drafted by the city attorney, but had not been completed or written up. At their meeting on June 11, 1935, the members of the council in executive session had copies of the ordinance, and later on the same day adopted it.

Appellants contend that the General Municipal Corporations Law (Stats. 1883, p. 93, as amended; Deering's Gen. Laws, Act 5233, sec. 861) applied to the adoption of the ordinance, and that as provided therein it could not legally have been passed by the council on the day of its introduction nor within five days thereafter. Petitioner contends that it was sufficiently introduced on May 7th, when the title was read and entered in the minutes. This procedure is justified by petitioner by reason of an ordinance (No. 343) of the City of Compton in force at the times in question, reading in part as follows: "Ordinances may be introduced under the head of new business by reading the title only, provided, however, copies of such shall be sent in advance to each member of the Council and the City Manager prior to final passage."

If the reading of the title on May 7th constituted an introduction of the ordinance, it was legally adopted. The question calls for an interpretation of Ordinance No. 343 and the

determination of what was meant by the provision that ordinances might be introduced by reading the title only.

■ Ordinance No. 343 was amendatory of Ordinance No. 306, which allowed the introduction of ordinances by reading the title only, "provided, however, copies of such ordinance shall be sent in advance to each member of the Council and the City Manager . . . " Ordinance No. 343 dispensed with the furnishing of copies to the members of the council and the city manager prior to the introduction of the ordinance, but required that they be furnished prior to its passage, which was done in the present case. Under the charter the city was given the power to pass ordinances upon any subject of municipal affairs, in addition to certain enumerated subjects, and to carry into force or effect any other powers of the municipality. Procedure for the adoption of ordinances was not prescribed by the charter, the only requirement being that an ordinance must be passed by concurrence of three members of the council. By the charter, powers were vested in the council to do and perform all acts and things appropriate to a municipal corporation and the general welfare of its inhabitants and which were not specifically forbidden by the Constitution of the state "or which now or hereafter it would be competent for this charter specifically to enumerate." It was clearly the sole purpose of the amending ordinance to make the reading of the title of a proposed ordinance an introduction of the ordinance. In so enacting, the City Council was proceeding within its powers under the charter. To the extent, therefore, that the City of Compton, by its council, has adopted procedure for the passage of ordinances, such procedure must prevail over the general laws. The requirement of the general law that five days must elapse after the introduction of an ordinance, before its adoption, could be superseded in whole or in part by the express provisions of the charter, and this could be accomplished by the exercise of powers expressly delegated by charter provisions to the City Council. It may be conceded that under the general law the reading of a title of a proposed ordinance would not be an introduction of the ordinance, but the City of Compton has seen fit to declare that ordinances of that city may be so introduced. ■ With the question of policy the courts are not concerned, for if the power of the city has been lawfully exercised, the wisdom of the action taken is reviewable

and subject to correction only in the exercise of the law-making powers of the city and its electorate.

■ Appellants contend that the procedure sanctioned by Ordinance No. 343 would permit of the amendment of an ordinance after its introduction, and they cite the rule that when this is done in matter of substance the ordinance as amended must be reintroduced. This rule can have no application under procedure by which the title of a proposed ordinance is presented to and accepted by the council as the equivalent of an introduction of the ordinance itself. It may well be that the new procedure was preferred over the old to avoid the strictness of this rule relating to amendments. The trial court was correct in holding that the ordinance was legally adopted.

■ Respondent concedes that the city manager had the final power of removal before the creation of a civil service board, but contends that thereafter the powers of the city manager to discharge officers and employees could be exercised only in conformity with the procedure of the civil service system.

The city charter provides as follows: "The Council shall have power and authority by ordinance . . . to provide for a civil service system subject to the terms of this charter in any or all departments of the City government, and thereupon all appointments shall be made subject to the rules of said civil service system." By the terms of the ordinance which created the civil service system, the office of chief of police was under the classified service and the officer might be removed or suspended by the city manager, subject to reinstatement after trial by the civil service board, with salary during the period of suspension. The question in this connection is whether the city manager, after the establishment of the civil service system, retained the absolute power to finally discharge officers and employees. As we construe the charter and the pertinent ordinances, the city manager had not such power. The several provisions of the charter must be read together and harmonized if possible. The power delegated to the city manager to employ and discharge employees was no greater than the power delegated to the City Council to establish a civil service system. The latter power was not circumscribed, the only mandatory provision being that all appointments should be made under the rules of the

civil service board. Manifestly the provision that a civil service system might be created "subject to the terms of this charter" cannot reasonably be construed to mean that the powers of appointment and discharge lodged in some officer or board could not be disturbed or curbed by the transfer of some of those powers to the civil service board. The right of trial and right to reinstatement after dismissal for insufficient cause were provided by the ordinance. For the city manager to retain the uncontrolled power of dismissal would defeat the main purpose of the civil service system to retain in office trusted and competent officers and employees. Little could be accomplished by the selection of eligibles for appointment by competitive examinations if there existed in some independent officer the power of arbitrary dismissal from service. Petitioner was legally entitled to the trial which he was given, and the order of reinstatement, not being questioned on grounds of fraud or bad faith, was by the terms of the ordinance final and conclusive.

Appellants' final point is that the civil service ordinance had not gone into effect at the time of the appointment of the members of the board and that therefore the board was not legally constituted. If the ordinance did not take effect as an emergency measure, it did not take effect until after the members were appointed. When the civil service ordinance was adopted it was declared by the council to be an emergency measure affecting the public peace, health, and safety of the City of Compton and it therefore was given immediate effect. The facts constituting the urgency of the ordinance were stated as follows: "There is a great deal of unrest among the officers and employees of the several departments of the City respecting the security of their position irrespective of the quality of service rendered, and such unrest is detrimental to the efficiency of the municipal service." The trial court received evidence as to the existence of the emergency and impliedly found that the council properly exercised its powers under the city charter in giving the ordinance immediate effect as an emergency measure. The declaration of the council is *prima facie* evidence of the existence of an emergency sufficient to justify the action taken. (*Morgan* v. *City of Long Beach,* 57 Cal. App. 134 [207 Pac. 53]; 18 Cal. Jur. 921.) We have been furnished with no reason why effect should not be given to this

action. It was for the council to determine the extent of the unrest and impairment of service that existed among the employees of the several departments of the city government and which might be allayed by the adoption of a civil service system which would give some security to their positions. The action of the council has been approved by the trial court and the reasons which prompted that action were found to have been meritorious and sufficient. We are not disposed toward a different conclusion. The civil service ordinance therefore went into effect before the members of the board were appointed and they constituted a legal board. Petitioner's reinstatement by the board was legal and effective.

The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1936.