[Civ. No. 12863.  First Dist., Div. Two.  July 12, 1945.]

ANTONIO PEDRO GONSALVES, Appellant, v. ASSOCIACAO PROTECTORA UNIAO MADEIRENSE DO ESTADO DA CALIFORNIA (a Corporation) et al., Respondents.

Thomas G. Michaels and J. Elwood Andresen for Appellant.

E. H. Christian, Myron Harris, R. J. Darter and John Jewett Earle for Respondents.

NOURSE, P. J.—Plaintiff sued for a writ of mandate to command the defendants to restore him to membership in defendant lodge with the benefits and privileges to which a member is entitled. The defendants by answer pleaded that the plaintiff was expelled from membership in the lodge as a result of a trial upon charges of misconduct duly filed and heard in accordance with the constitution and by-laws of the lodge. The trial court found that the proceedings before the lodge were in due form and denied the petition.

In support of his appeal from the judgment the plaintiff raises three points: that the board of directors did not have jurisdiction to try and expel him, that the letter which was the basis of the charges against him was privileged, and that he was not accorded a fair trial. No argument is made in support of the third point. A statement of suspicious circumstances is recited on which the appellant lays his conjectures that he was treated unfairly and nothing more. We

may assume from the manner of presentation that this ground has been abandoned.

The question of jurisdiction rests in the interpretation of the constitution and by-laws of the order. These were printed and circulated in the Portuguese language and each party tendered its own translation. Expert testimony was taken and the trial court found that the constitution and by-laws conferred upon the board of directors these functions:

"It is the duty of the Board of Directors which consists of seven members to decide any complaint of one member against another member and after considering all the attenuating and aggravating circumstances to apply the corresponding penalties."

Appellant states that in his translation of the constitution and by-laws there is a section reading:

"Any complaint by a member of one Council against a member or officer of another Council, shall be forwarded at once to the Subordinate Council of which the accused is a member."

In the same translation there is a section defining the powers of the board of directors and reading, in part, "To consider only a complaint when the same is presented as follows: . . . Reason why complaint was not considered by the Subordinate Council."

In a translation left with this court upon stipulation of the parties during the oral argument we find in section 1 of article XIV, chapter III, this provision: "Complaints may be filed with any Subordinate Council, the Supreme Board of Directors, . . . against any violation of the provisions of the Constitution or By-Laws. . . ." And in the same volume (chap. II, art. IV, § 8, subd. 22) the board of directors is authorized: "To decide any complaint from a member against an officer or Subordinate Council; from member against member of any Subordinate Council. . . ."

From the foregoing it appears that complaints against an offending member may be filed and heard before the Subordinate Council, the Supreme Board of Directors or the Supreme Council and the jurisdiction of each is apparently concurrent and coextensive. The respondents elected to try appellant before the Supreme Board of Directors. Article IV, section 8, subdivision 23 of chapter II authorizes the board of directors "To consider only a complaint when the same is presented as follows: g—Reason why complaint was not considered by the

Subordinate Council.'' If this means that the complaint must show on its face the reason why it was not considered by the subordinate council it would be a matter in which the complaint might be amended if timely objection were raised. It does not appear that such objection was made at any time. The petition does not plead any facts which would put the question at issue and we are unable to find any matter in the record which would indicate that the question was raised in the trial court. The petitioner testified that when he was called for trial before the board of directors the only objection which he made was ''the letter was not belongs to the lodge, should not be read in the lodge because it was belongs somewhere else, the laws, not in the lodge.'' A witness for appellant who had acted as his attorney before the board of directors testified that he objected to the trial on the ground that the letter presented a personal controversy between appellant and Mr. Freitas and not a matter of which the lodge should take cognizance. He also testified: ''I told them they had not right to start the case from the Board, they should start it from the council to which he belonged. . . .''

These objections are not the same as what is now raised for the first time on this appeal. The board of directors did have the power to entertain the complaint if the reasons why it was not heard by the subordinate council were shown. If objection had been made to the form of the complaint an appropriate amendment might have been made. If the question had been raised in the trial court that the reasons for not hearing it in the subordinate council had not been shown before the directors heard it evidence of that fact might have been produced. But, as we read the record, the appellant appeared before the directors and submitted to trial without protest to the form of the complaint, and without protest to the jurisdiction of the board other than the protest heretofore noted which was unjustified by any interpretation of the regulations of the lodge. From the order of expulsion the appellant took an appeal to the regional convention of the lodge. He was there fully heard and was represented by counsel. The convention approved the order of the board of directors and it does not appear that the appellant there raised any question as to the form of the complaint, or as to the jurisdiction of the board of directors. He is now foreclosed from asserting that his expulsion was not effected in accordance with the constitution and by-laws of the order.

■ The same confusion over the translation of the constitution and by-laws complicates the final ground urged by appellant. The action taken against him was based upon a letter which he sent to a fellow member residing in the East wherein he attacked officers of his lodge, referring to a director as "King of criminals" and a "beast." He admits the charge but contends that his act was not covered by the constitution and by-laws, and also that the communication was privileged. Section 27 of article IX, chapter III, of the by-laws, in defining the duties of members, reads: "Not to conspire against, or to defame . . . any officer. . . . Any member who does this, and if it is so proven, will be expelled from the Association." (Section 1(e), article XIII, relating to loss of rights and privileges, provides for expulsion of "Any member who conspires against, or slanders any officer of the Association". In both cases the word "difamar" is used in the Portuguese print of the by-laws. In one section it was translated as "defames," in another as "slanders." Witnesses were called and testimony taken that there was no word in the Portuguese language corresponding to the English word "slander" as used in the legal sense as distinguishing the oral defamation from the written "libel"; that the word "difamar" as used in the Portuguese means either oral or written defamation. The trial court so found, and that should end the controversy.

■ The communication was not privileged—at least the appellant failed to prove that it was. The issue was not raised in the pleadings and no finding was made by the trial court. The writing was libelous *per se* under section 45 of the Civil Code. ■ Thus the burden was on appellant to show that it was privileged under Civil Code, section 47. If the paper was issued without malice it was incumbent upon appellant to prove that defense. (16 Cal.Jur. 101.) Though malice is not inferred "from the communication" (Civ. Code, § 48) it nevertheless may be inferred from all the facts and circumstances of the particular transaction. From the fact that appellant admitted issuing the letter and did not plead nor prove any claim of privilege we may assume that if a finding had been required it would have been adverse to appellant.

■ Alternatively we should say that, since the writ of mandate is a writ of discretion and not a writ of right (*Ertman v. Municipal Court*, 68 Cal.App.2d 143, 148, 149 [155 P.2d 908, 156 P.2d 940], we must assume that the trial court, having

before it all the circumstances under which the letter was written, and the proceedings for expulsion under the rules of the lodge, properly exercised its discretion in denying the petition for a writ of mandate.

The judgment is affirmed.

Sturtevant, J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 30, 1945.