[Civ. No. 17728.   Second Dist., Div. One.   Feb. 6, 1951.]

HAROLD CARTER, Respondent, v. WILLIAM J. HOBBA, as Mayor, etc., et al., Appellants.

Albert C. S. Ramsey and Milton Emlein for Appellants.

Joseph B. Boland for Respondent.

DORAN, J.—Plaintiff and respondent Carter is the owner of a private patrol system duly licensed under chapter 11, division 3 of the Business and Professions Code of the State of California. For some time prior to September 20, 1948, respondent had been engaged in the business of guarding private property for compensation in the city of Signal Hill, at which time there was no ordinance regulating such business. In connection with such business respondent had entered into various contracts with Signal Hill residents and businessmen for the protection of property in that district.

On December 20, 1948, the city of Signal Hill passed and adopted Ordinance 311 requiring for such business a permit from the city council with license fees of $25 for conducting a patrol system and $10 from every person engaged as a patrolman. On January 28, 1949, respondent Carter deposited with the city clerk the sums above mentioned and requested the issuance of the specified licenses. Applications for such licenses were denied by the city council at a meeting held on March 31, 1949. It appears that the basis for refusing to issue the licenses was a letter from the chief of police recommending such action because of a report, attached thereto, of Patrolman Schrank who, in turn, had been informed by the sheriff's office that respondent had been previously arrested, had an F.B.I. record, etc.

Respondent's petition for a writ of mandate was filed on June 27, 1949, seeking to compel issuance of the licenses in question. The appellant city officials filed a demurrer to the petition on the ground of uncertainty, and on July 15, 1949, this demurrer was sustained and respondent given 10 days to amend. Respondent's brief asserts that no written notice of the court's ruling was given although the right to such notice had been expressly reserved.

On August 1, 1949, 11 days after the demurrer was sustained, the city council adopted, as an emergency measure to take immediate effect, Ordinance No. 315, providing, as appellants state, "a comprehensive series of provisions governing patrol systems." The respondent's brief avers that this was passed "surreptitiously," with one newspaper publication, and without notice to respondent.

An amended petition for writ of mandate was filed by respondent on August 31, 1949, 30 days after adoption of the new ordinance. In the amended petition the new ordi-

nance is not mentioned. On September 16, 1949, an amended alternative writ of mandate was issued requiring the city officials to issue a license for a private patrol system under the original Ordinance 311 or show cause in reference thereto. The appellant officials filed an answer and return, alleging passage of the new Ordinance No. 315; that respondent had not complied with Ordinance 315, and that by reason of its passage prior to the filing of respondent's amended petition, the matter had become moot.

The trial court, upon argument but without taking testimony, at first vacated the alternative writ and denied relief. Upon a motion for rehearing, however, the matter was reargued, after which the trial court ordered a peremptory writ requiring that defendants issue to the plaintiff a license for a private patrol system. The present appeal followed.

According to the appellants' brief, two questions are presented: (1) "Where the ordinance under which petitioner seeks the issuance of a permit is repealed prior to the filing of an amended writ of mandamus which is based upon the old ordinance, does the petition state a cause of action?"; (2) "Does an application for a permit to engage in business create a vested right so as not to be subject to legislation passed after the filing of the application and before the permit is granted?"

It is appellants' contention that since respondent's amended petition superseded the original petition, the latter cannot be considered for any purpose; that "the law in effect at the time of filing of the amended petition governed plaintiff's action." It is conceded that Ordinance 311 under which respondent proceeded, was unconstitutional and invalid.

Respondent contends that "Since the defendants attempted to deprive plaintiff of his substantial and vested contract rights without due process of law, and under an admittedly unconstitutional ordinance, and since the rights of a party are to be determined at the time of the filing of his cause of action the right of plaintiff to his business licenses under Ordinance 311 was incontrovertibly clear." It is further argued that "Even if the new ordinance is relied upon by defendants, it too is lacking in procedural due process." In this connection it is averred that respondent was refused a license "without any opportunity . . . to appear or to be heard in his own behalf, and acting solely upon the hearsay report consisting of a letter from the Chief of Police."

It is to be noted that the present controversy is before the appellate court not as an original proceeding to secure a writ of mandate but on appeal from a judgment wherein the superior court has granted a peremptory writ. The question herein presented, therefore, is not whether the reviewing court would, as an original matter, have granted the writ, but rather whether the appellants have pointed out some definite legal reason sufficient to justify interference with the action of the trial court.

The record discloses that the trial court granted an amended alternative writ on September 6, 1949, based upon respondent's verified amended petition setting forth that respondent had duly applied for licenses under Ordinance 311, and as stated in the writ, "that said licenses have been refused maliciously and wantonly." This writ, in the customary manner, commanded the appellant city officials to either issue respondent a patrol system license, or as an alternative, that appellants "show cause before this court . . . on the 19th day of Sept., 1949 . . . why you have not done so." As hereinbefore indicated, appellants refused to issue the license and at the hearing on the order to show cause strenuously contested the entire matter.

It is to be assumed that at the hearing on the order to show cause appellants and respondent presented to the trial court whatever arguments were deemed pertinent and essential. The trial court thereupon, after duly considering the arguments presented, rendered judgment ordering appellants to issue the license in question. The record on appeal is silent as to what took place at this hearing, nor does the precise basis for the trial court's decision appear. As in other contested issues, the judge was compelled to consider the various opposing propositions presented, and to weigh and choose that deemed sound and applicable under the peculiar facts involved.

That such a decision of a trial court should not lightly be overturned, is obvious. The burden of pointing out some cogent reason for reversal rests upon the appellants. Like other judgments, the one here rendered carries with it the presumption of regularity. And, as is said in *Gonsalves* v. *Associacao etc. Unio Madeirense,* 70 Cal.App.2d 150, 154 [160 P.2d 595], and elsewhere, "since the writ of mandate is a writ of discretion and not a writ of right . . . we must assume

that the trial court, having before it all the circumstances . . . properly exercise its discretion." In the instant case appellants have shown no abuse of discretion as will justify a reversal.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 5, 1951.