[Civ. No. 18330.  Second Dist., Div. Three.  May 31, 1951.]

M. R. BAUMGARDNER, Respondent, v. THE CITY OF HAWTHORNE et al., Appellants.

A. J. O'Connor and George J. Hider for Appellants.

David Lynn and William F. Kistler for Respondent.

VALLÉE, J.—Appeal by the city of Hawthorne and four of its councilmen from a judgment ordering that a writ of mandate issue commanding them to reinstate petitioner as chief of police.

The matter was heard on the petition and the answer thereto. No evidence was taken. The judgment recites that "The allegations of paragraphs V, VI and VII of the petition are not denied. The facts alleged therein show that the special meeting of the City Council held on August 25, 1950 at which the motion to discharge petitioner was acted upon, was illegally held. The action taken at said meeting, therefore, was void. The provisions of Section 17 of Ordinance No. 235 of the City of Hawthorne were not complied with. Accordingly the discharge of petitioner, in the manner in which it was accomplished, was illegal and void."

The following facts are alleged in the petition and admitted by the answer.

Hawthorne is a city of the sixth class. The respondents below, Greenwood, Hargrave, Baguley, Bateman, and Crozier, were and are members of the city council of Hawthorne; Keel is the city clerk, and Wirsching, the city manager. Crozier, Keel, and Wirsching did not appeal.

Petitioner, for 26 years, has been a member of the police department, and for 13 years prior to August 25, 1950, has been the appointed and acting chief of police of Hawthorne.

On September 23, 1935, the city council of Hawthorne adopted Ordinance No. 235. A copy is attached to the petition. The ordinance has been in full force and effect at all times since. Pursuant to the ordinance there was established a civil service commission and personnel system.

On August 25, 1950, appellants Greenwood, Hargrave, Baguley, and Bateman met at the city hall in Hawthorne and held what they declared to be a special meeting of the city council. A written call and waiver of notice of the special meeting for the purpose of considering and acting on the discharge of the chief of police was signed at the meeting by Greenwood, Hargrave, Baguley, and Bateman. Councilman Crozier did not sign the call and waiver of notice. He was not at any time given any notice of the special meeting, nor did he at any time in any manner consent to the holding of the meeting. He was not present. Thereupon, by vote of members present, a motion was adopted ordering the city manager to discharge petitioner as chief of police and as a member of the police department. Following the meeting the city manager served on petitioner a document reading: ''Pursuant to the order of the City Council and to good cause appearing therefore, I hereby discharge you as Chief of Police of the Police Department of the City of Hawthorne, Hawthorne, California, to become effective immediately on this day, Friday, August 25, 1950.'' No written charges were served on petitioner at any time although he made demand therefor.

The petition alleges that petitioner is a member of the civil service system; that he took and passed the required competitive examinations and was duly appointed chief of police; and at the times complained of was the duly appointed, qualified and acting chief of police pursuant to said appointment and under and subject to the civil service system and ordinance. These allegations are admitted except that the answer alleges ''that petitioner at no time took a valid civil service examination as required by the aforesaid Ordinance No. 235, or any examination pursuant to said Ordinance; that said petitioner never qualified for a permanent appointment as Chief of Police of said City of Hawthorne; that no eligible list of qualified members of the Police Department for the appointment to the office of the Chief of Police was ever prepared; that petitioner's name never appeared on any such

eligible list as required by said Ordinance and that the said petitioner never received any appointment to the office of the Chief of Police of said City of Hawthorne, except a temporary appointment; further, that the purported examination which the Petitioner alleged he has taken and passed was a sham and a fraud upon the City of Hawthorne and the Civil Service Commission.''

■ It is patent, we think, on the admitted facts, that the so-called special meeting of August 25, 1950, was illegally held and that the action of the four members of the city council was a nullity. Hawthorne is a city of the sixth class. Government Code, section 36806 (1949 Supp.), which applies to cities of the sixth class, provides: ''At any time the mayor or three city councilmen may call a special meeting by delivering written notice to each member at least three hours before the meeting. Written notice may be dispensed with if all councilmen give their written consent to the meeting, and the consent is filed in the clerk's office when the meeting is held. A councilman may give such consent by telegram.'' Section 36806 is a codification of Statutes 1941, chapter 545, section 3, page 1869, and prior statutes. (See 2 Deering's Gen. Laws, p. 1982, § 858.) In *City of Orange* v. *Clement*, 41 Cal.App. 497 [183 P. 189], it was held that a special meeting of the board of trustees of a city of the sixth class and all proceedings thereof are void where notice of the meeting is not given and one member of the board is absent. We do not understand appellants to contend otherwise. They claim that petitioner was a temporary employee; that he was discharged by the city manager; and that the city manager had the power to discharge him.

■ We think it clear on the admitted facts that petitioner was a permanent employee. The allegations of the answer with respect to the failure of petitioner to take a civil service examination are conclusions of the pleader and did not make an issue. The answer is devoid of any direct denial of any allegation of the petition and of any averment of fact from which a conclusion can be drawn that petitioner was only temporary chief of police. The trial court was warranted in concluding that petitioner was the lawful holder of his position as permanent chief of police and that he had obtained civil service status. (*Nilsson* v. *State Personnel Board*, 25 Cal.App.2d 699, 702-5 [78 P.2d 467].) ■ It also appears clear that petitioner was not discharged by the city manager but was

discharged at an illegal meeting of the four members of the city council. The city manager merely acted as an errand boy at the direction of those four members.

Further, the city manager was without power to discharge petitioner. Appellants rely on section 34856 of the Government Code (1949 Supp.) which reads: "The city manager may appoint and dismiss the chief of police, city judge, and other subordinate officers except the city clerk, the city attorney, and the city treasurer." As will appear, section 34856 does not apply to the city of Hawthorne.

In 1935 a statute was enacted which in part provided: "The legislative body of any city within this State is hereby authorized to adopt by ordinance a personnel system, merit system, or civil service system, for the selection, employment, classification, advancement, suspension, discharge and retirement of appointive officers and employees. Such legislative body may provide for the appointment of a Civil Service Commission or personnel officer and may delegate to such Civil Service Commission or personnel officer such powers and duties in relation thereto as in its discretion may be deemed advisable." (Stats. 1935, ch. 48, § 1, p. 380.) This statute is now Government Code (1949 Supp.), section 45001.

Pursuant to this statute, Ordinance No. 235 was adopted. Ordinance No. 235 established a civil service system and placed the members of the police department, including the chief of police, under civil service. Section 5, in part, provides: "All officers and men of the Police and Fire Department shall belong to the classified service . . ." Section 10, in part, provides: "The Chief of the Department (or Civil Service Board) in whom shall be vested removal or disciplinary power, shall be allowed full freedom in his or its action . . ." Section 13, in part, provides: "Chief of the Police and Fire Department: The Chief of the Department shall be appointed by the City Council from among the members of the Hawthorne Police and Fire Department, and after appointment shall be removed or reduced in rank only as provided for other members of classified service." Sections 17 and 20 provide that discharges from the civil service system shall be accomplished by written charges and a hearing. As we construe Ordinance No 235, the power to discharge the chief of police was vested in the "Civil Service Board." The power to discharge is not absolute. It can only be accomplished in the manner provided by Ordinance No. 235, by preferring written charges "filed with the trial board," serving a copy upon the person

to be discharged, and a hearing before the "trial board." ▮ When the city council adopted the civil service system, the previously exercised powers to discharge officers and employees could be exercised only in conformity with the procedure prescribed by that system. (*Potter* v. *City of Compton*, 15 Cal.App.2d 232, 236, 237 [59 P.2d 537].) No employee of the city having civil service status may be discharged in any manner other than as expressly provided in Ordinance No. 235. (*Shannon* v. *City of Los Angeles*, 205 Cal. 366 [270 P. 682]; *Lotts* v. *Board of Park Commrs.*, 13 Cal.App.2d 625, 628 [57 P.2d 215]; *Potter* v. *City of Compton, supra*, p. 236.)

▮ The material allegations of the petition are not denied and must be taken as true. The answer raised only questions of law. No evidence was required. The court therefore properly heard and decided the case on the pleadings. (Code Civ. Proc., § 1094; *Carter* v. *Hobba*, 102 Cal.App.2d 170 [227 P.2d 57]; 16 Cal.Jur. 870, § 68.)

▮ Appellants also appealed from the decision and the minute order whereby it was decided and ordered that a peremptory writ of mandate should issue. As this decision and this order are nonappealable the appeals therefrom are dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.