[Crim. No. 17347. Second Dist., Div. Four. Feb. 27, 1970.]

In re PALMER ODEAN PETERSON on Habeas Corpus.

**COUNSEL**

George A. Lydon for Petitioner.

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Respondent.

## OPINION

**ALARCON,** J. pro tem.*—The petitioner, Palmer Odean Peterson, has filed a petition for a writ of habeas corpus in which he seeks to be released from the custody of the Sheriff of Los Angeles County resulting from his imprisonment following his conviction in the Municipal Court of the South Bay Judicial District for driving under the influence of intoxicating liquor and driving at a time when his license was revoked or suspended.

The petitioner sets forth several grounds in his petition which he contends compel his release from further incarceration.

We have concluded that the petitioner was denied the right to counsel as to the charge set forth in count III of the complaint. Accordingly, we will restrict our discussion to that single issue.

■ A defendant charged with a misdemeanor is entitled to the assistance of counsel at all stages of the proceedings. (*In re Johnson,* 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420]; *In re Smiley,* 66 Cal.2d 606, 614-615 [58 Cal.Rptr. 579, 427 P.2d 179]; see also Pen. Code, §§ 859 and 987a; Gov. Code, § 27706.) ■ To make the right to counsel meaningful the defendant must be made aware that he has a right to counsel and that the court will appoint counsel if he is unable to afford one. (*In re Smiley, supra,* 66 Cal.2d 606, 614-615.) ■ Waiver of the right to counsel will not be presumed from a silent record. (*Carnley* v. *Cochran,* 369 U.S. 506, 515-516 [8 L.Ed.2d 70, 76-77, 82 S.Ct. 884].) In those cases where defendant claims a denial of counsel, the record must affirmatively show that he was advised of his right to counsel and that he made an intelligent and understanding waiver of his constitutional right. (*Carnley* v. *Cochran* (1962) *supra,* 369 U.S. 506, 513 [8 L.Ed.2d 70, 75, 82 S.Ct. 884]; *In re Johnson, supra,* 62 Cal.2d 325.)

The record in this matter reveals that the original complaint was filed on February 14, 1969, charging the petitioner in count I with driving under the influence of intoxicating liquor in violation of Vehicle Code, section 23102, subdivision (a) and in count II with failing to have a driver's license in his immediate possession in violation of section 12951. The rubber stamped docket entry for February 20, 1969, shows that the petitioner was advised of his right to counsel and that he knowingly and intelligently waived his right to counsel as to *counts I and II.* Trial was set for March 27, 1969. Thereafter a third count, bearing the date of March 24, 1969, was added to the complaint, charging the petitioner with driving a vehicle when his license was revoked or suspended, in violation of section

---

*Assigned by the Chairman of the Judicial Council.

14601 of the Vehicle Code. The rubber stamped entry in the court's minutes for March 27, 1969, shows that the petitioner was arraigned on count III of the complaint and that he was advised of his right "to the aid of counsel in every stage of the proceedings, and if he could not afford counsel, upon a proper showing one would be appointed to represent him." However, the record is silent as to whether he waived his right to counsel. The matter was continued for trial until May 21, 1969.

On May 21, 1969, the petitioner appeared without counsel and was found guilty of the charges set forth in count I and count III of the information and not guilty of count II. On the same date the petitioner waived time for sentence. The trial court, acting in the absence of a probation report, sentenced the petitioner to six months in the county jail on count I and to six months in the county jail on count III to be served consecutively.

The petitioner filed his application for a writ of habeas corpus in this court on November 14, 1969. On November 21, 1969, six months after the petitioner was imprisoned following his conviction on count I and count III, this court issued an order that the petitioner be released on bail pending final determination of his petition for a writ of habeas corpus. On December 8, 1969, this court issued an order to show cause why a writ of habeas corpus should not issue.

■ A person accused of a number of criminal charges is entitled to counsel to assist him in his defense against each separate crime. Where, as here, the court permits an amendment to the accusatory pleading, the accused is also entitled to counsel and to be advised of his right on the new charge. The record shows that the trial court in this matter advised the petitioner that he had a right to counsel as to the additional crime lodged against him. However, there is nothing in the court's minutes for March 27, 1969, to show that the court determined that the petitioner had decided to waive his right to counsel. The minutes do show a continuance to April 23, 1969, and a waiver of "time for trial" by the petitioner. The record shows that on April 23, 1969, the petitioner moved for a continuance until May 21, 1969, and filed a "waiver" of time for trial. The minutes for May 21, 1969, (the date the matter was tried and sentence was pronounced) reveal that the petitioner appeared "without counsel."

In the order to show cause issued by this court the petitioner was requested to file a copy of the reporter's transcript of the proceedings of February 20, 1969, March 27, 1969, and April 23, 1969. We have been advised by the petitioner that no reporter was present at any of the proceedings involved in this matter.

We requested a reporter's transcript so that we might learn if there had been a valid waiver of counsel as to count III which was not recorded in

the minutes through clerical error or omission. We were concerned as to the accuracy of the minutes because the entries concerning the petitioner's right to counsel were made by rubber stamp. The rubber stamp entries for February 20, 1969, cover two-thirds of the page and include an adequate statement of the petitioner's constitutional rights, including the right to counsel and a waiver of counsel.

The lower third of the same page of the minutes concerns part of the proceedings of March 27, 1969, including the arraignment of the petitioner as to count III. The rubber stamp entry which occupies all the remaining space on the page, sets forth the same admonition as to the petitioner's constitutional rights. However, there is no room on the page for an additional rubber stamped entry. Without a reporter's transcript of the March 27, 1969, proceedings we cannot determine if the petitioner, in fact, waived his right to counsel but the clerk failed to make an entry because he ran out of space or failed to realize the importance of the "waiver" stamp in such proceedings.

If there was a waiver of counsel as to count III, which was not reflected in the court's minutes, then a court rule requiring a court reporter at all criminal proceedings would have prevented a nullification of the trial court's proceedings relative to count III.[1]

Since the record before us fails to show that the petitioner waived his right to counsel as to the charge set forth in count III of the complaint we are compelled to order that the petitioner be released from the threat of further imprisonment as the result of his unlawful conviction on this charge on May 21, 1969. The writ of habeas corpus is granted. The petitioner is ordered discharged from custody.

The Municipal Court of the South Bay District is directed to dismiss the charge set forth in count III of complaint numbered M 93188 unless the petitioner is rearraigned within 15 days after this decision becomes final pursuant to rule 24(a), California Rules of Court.

Kingsley, Acting P. J., and Dunn, J., concurred.

---

[1]For example, see rule 21, Local Rules for Municipal Court of the Los Angeles Judicial District, which states in part:

"All court reporters appointed by this court shall, in all criminal actions or proceedings, whether specifically requested or ordered to do so or not in a particular case, take down in shorthand or by stenotype method, everything spoken in the courtroom, while court is in session, including all the arguments of all attorneys on each side of the case and addressing the jury at the close of the testimony."