[Civ. No. 1398. Fifth Dist. Aug. 31, 1971.]

MARTIN URBAN STILL, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE TURLOCK JUDICIAL DISTRICT
OF STANISLAUS COUNTY, Defendant and Respondent.

**COUNSEL**

Moody, Nelson & Johnson and Vernon Johnson for Plaintiff and Appellant.

T. W. Martz, County Counsel, Jonathan H. Rowell, Assistant County Counsel, John F. Christensen and Harry P. Drabkin, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**GARGANO, J.**—On October 18, 1965, Martin Urban Still entered a plea of guilty in the Justice Court of the Turlock Judicial District to a charge of driving a vehicle while under the influence of intoxicating liquor in violation of Vehicle Code section 23102, subdivision (a). The docket entry states that Still was told that he was entitled to be represented by counsel but not that counsel would be appointed for him if he were indigent and did not have money to retain an attorney. The plea of guilty resulted in a $330 fine or in the alternative a sentence of one day in the county jail for each $5 of the unpaid fine. We assume that Still paid the fine because he had posted a $330 cash bond.

In December 1969, Still was charged with a second violation of Vehicle Code section 23102, subdivision (a), to which he also entered a plea of guilty. A few months later the California Department of Motor Vehicles issued an order suspending his driver's license for one year, pursuant to Vehicle Code section 13352, subdivision (c).

On May 8, 1970, Still petitioned the Superior Court of Stanislaus County for a writ of mandate to compel the respondent justice court to set aside the judgment entered on his 1965 guilty plea. The petition was predicated on the theory that petitioner was denied his right to be represented by counsel as to the 1965 Vehicle Code violation because he was not told that the court would appoint an attorney to represent him if he did not have the money to retain private counsel.

The essence of Still's testimony at the hearing on his petition was that he pled guilty to the 1965 charge because he did not have money to employ an attorney, and because he did not know that under those circumstances he was entitled to court-appointed counsel. On cross-examination, however, Still admitted that on October 18, 1965, he was steadily employed at a job which he had held for two years, that he was married and that his wife was his only dependent, that his take-home pay was $520 a month, that his total monthly expenses were $439, that he was purchasing a home and had a $3,000 equity in the house, and that he owned a pickup truck and was buying a Volkswagen. It was also disclosed that in addition to posting cash bail in the amount of $330, Still had $50 in a bank account.

At the conclusion of the hearing Judge Pierson found that the judge of the respondent justice court, before accepting Still's plea of guilty, advised him of his right to be represented by counsel but that he did not tell Still that an attorney would be appointed on his behalf if he did not have money to employ one. The superior court, in a well-reasoned opinion, concluded

that petitioner's constitutional right to be represented by counsel was not violated because he had the financial means to employ his own lawyer. Judgment was entered accordingly, and this appeal followed.

■ "[T]he fundamental constitutional right to the assistance of counsel at all stages of the proceedings [citations] is, in California at least, not limited to felony cases but is equally guaranteed to persons charged with misdemeanors in a municipal or other inferior court." (*In re Johnson,* 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420].) ■ An inferior court, like a superior court, is mandated by Penal Code sections 858, 859 and 987, to advise a defendant, who makes his first appearance on a criminal charge without an attorney, of his right to court-appointed counsel if he cannot afford to engage a private attorney (*Ingram* v. *Justice Court,* 69 Cal.2d 832 [73 Cal.Rptr. 410, 447 P.2d 650]); and such admonitions as "you are entitled to be represented by an attorney at all stages of these proceedings" does not discharge the statutory directive. (*In re Smiley,* 66 Cal.2d 606 [68 Cal.Rptr. 579, 427 P.2d 179].) But the failure to give a lucid indigency admonition does not result in a deprivation of the constitutional right to be represented by counsel if the defendant was not in fact indigent and had no right to court-appointed counsel in any event; the test to be applied is whether or not a private attorney would have been willing to represent the defendant in his then economic circumstances. (*In re Smiley, supra,* 66 Cal.2d 606.) As the court observed in *In re Johnson,* 237 Cal.App.2d 463, 467 [47 Cal.Rptr. 17], if a person, who was not advised of his right to court-appointed counsel, is entitled to redress, "it is because he was deprived of the right to such counsel and not simply because he was inadequately advised." It is therefore incumbent upon the person who is seeking to have a judgment of conviction set aside "to allege or show that he was without ability to employ counsel since it must be made to appear that the right exists before there can be any claim of deprivation."

We have reviewed the record and are satisfied that on October 18, 1965, appellant could have retained private counsel to defend him against the Vehicle Code violation with which he was charged. He had only one dependent, was steadily employed and his monthly take-home pay exceeded his total monthly obligations by almost $100; he had a $3,000 equity in his home, owned a pickup truck and was buying a Volkswagen; he was able to post a $330 cash bond and had $50 in the bank. It stretches the imagination to believe that appellant would have had difficulty finding a reputable private attorney, practicing in Stanislaus County, who would have been willing to represent him in connection with a relatively uncomplicated misdemeanor offense.

The test, however, is not whether we are independently satisfied that

appellant could have employed private counsel in 1965, as he seemingly asserts. This is not an original proceeding in habeas corpus nor is it a petition for a writ of mandate filed in this court in the first instance. ■ It is an appeal from a judgment of the superior court after a hearing on the merits, and our function begins and ends with the determination as to whether there was any substantial evidence to justify the decision and, if so, whether it conforms with accepted legal principles. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *People* v. *Bard,* 70 Cal. 2d 3 [73 Cal.Rptr. 547, 447 P.2d 939]; *People* v. *Redmond,* 71 Cal.2d 745 [79 Cal.Rptr. 529, 457 P.2d 321].) While the issue before the lower court was of constitutional dimensions, this factor alone is not a compelling reason for abrogating the rules on appeal. On the contrary, in an ex post facto inquiry, as this is, the determination as to whether a person would have been able to retain private counsel is dependent upon the facts relating to his financial status at a given point of time in the past. Consequently, if the facts are disputed, a trial court, which is geared to resolve disputed facts and which is familiar with the standards of the community, the complexity of the case and the cost of litigation, is better equipped to resolve the constitutional issue than an appellate court sitting primarily as a court of review. (*Williams* v. *Superior Court,* 226 Cal.App.2d 666 [38 Cal.Rptr. 291].)

In the instant case the record manifests that Judge Pierson conducted a thorough inquiry into appellant's financial status as of the critical date, October 18, 1965. Moreover, his memorandum opinion demonstrates that he was fully cognizant of the principles articulated in *In re Smiley, supra,* 66 Cal.2d 606, and that he applied those principles to the facts of the case as he found them. Because the trial judge applied the correct law to the constitutional issue before him, and because the evidence in support of his decision is not only substantial but convincing, we affirm the judgment.

The judgment is affirmed.

Stone, P. J., and Franson, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.