[Civ. No. 1492. Fifth Dist. May 12, 1972.]

MANUEL RODRIGUEZ, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE VISALIA JUDICIAL
DISTRICT OF TULARE COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Earl J. Dunn and Dale Parham for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Charles P. Just, Roger E. Venturi and Daniel J. Kremer, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

**OPINION**

BROWN (G. A.), J.— The problem here is whether the superior court erred in refusing to issue a peremptory writ of mandate directing the municipal court to appoint an attorney at public expense to represent appellant in a criminal prosecution for violation of Penal Code section 647, subdivision (f) (disorderly conduct due to public intoxication), a misdemeanor.

The appeal is upon the clerk's transcript alone.

The verified petition praying for issuance of the writ alleges, among other matters:

"It was the duty of said respondent to inquire into the indigency and

competency of said petitioner in this case and to make a finding as to whether or not he was indigent and if so, to appoint counsel to represent defendant in said case.

"Petitioner, while in Court, was informed by the Court that in minor misdemeanor cases there was no need to appoint counsel since the defendant could adequately represent himself and petitioner is informed and believes that the Court has taken the position that in misdemeanors such as violation of Section 647f of the Penal Code and certain violations of the Vehicle Code which are not infractions, the Court fails and refuses to appoint counsel as a matter of course.

" . . . . . . . . . . . . . . . . . .

"Petitioner is without funds to secure a private attorney and there is no plain, speedy or adequate remedy of law in the ordinary course of law to protect his right to appointed counsel since his case is set for trial on November 24, 1970 at the hour of 10:00 a.m."[1]

Based upon the petition, an alternative writ of mandate issued out of the superior court directed to "the Municipal Court of the Visalia Judicial District," commanding that counsel be appointed to represent petitioner (appellant herein) or that cause be shown before the superior court on a certain day and time "why you have not done so."

The petition and alternative writ were duly served but no written return by way of answer or demurrer or other appearance was filed by the respondent court. On the return day the judge of the municipal court personally appeared in the superior court and testified. Because there is no reporter's transcript we do not know what he said. The judge of the superior court thereafter signed a written order discharging the alternate writ and denying the peremptory writ. The order in part recites: ". . . the petitioner being represented by his counsel, Earl J. Dunn; the respondent not having filed a response or being represented, the Judge of respondent court being present and testifying and the Court being advised in the premises, . . ."

No findings of fact and conclusions of law were requested or filed. None having been requested, they were waived (Code Civ. Proc., § 632; Cal. Rules of Court, rule 232).

Respondent points out that the judgment roll does not state the grounds upon which the trial court denied the writ and that the judge could have

---

[1]The superior court ordered that the petition be filed and served without payment of fees pursuant to a verified application by appellant for leave to file in forma pauperis.

denied it on the ground that the appellant waived his right to counsel or upon a finding that he was not indigent. It contends that a transcript of the oral proceedings is necessary to make this determination. Respondent further asserts that since it is appellant's affirmative duty to provide the record necessary to a consideration of the points raised by the appeal (*People* v. *Washington* (1969) 71 Cal.2d 1061, 1086 [80 Cal.Rptr. 567, 458 P.2d 479]; *People* v. *Merriam* (1967) 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161]) and the appellant has failed to do so, and as all intendments and presumptions are to be resolved in favor of the decision, it should be affirmed if there is any ground upon which it can be upheld. (*Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 583 [2 Cal.Rptr. 609, 349 P.2d 289]; *Kubon* v. *Kubon* (1958) 51 Cal.2d 229, 232 [331 P.2d 636]; *International etc. Workers* v. *Landowitz* (1942) 20 Cal.2d 418, 423 [126 P.2d 609]; *Oppenheimer* v. *Union Pacific R.R. Co.* (1956) 142 Cal.App.2d 8, 10 [297 P.2d 700]; *Stewart* v. *Langer* (1935) 9 Cal.App.2d 60, 61 [48 P.2d 758]; *Segerstrom* v. *Scott* (1911) 16 Cal.App. 256, 261 [116 P. 690]). Respondent concludes that the application of these appellate rules necessarily requires this court to uphold the order of the trial court on the ground that its decision was based upon a finding that appellant was not indigent or that he waived his right to an attorney and it is therefore unnecessary to reach the issue of appellant's entitlement to the appointment of an attorney in a prosecution for a misdemeanor violation.

While these appellate principles are well established, they are subject to the overriding exception in a criminal case, impelled by the Constitution, that a waiver of such a fundamental constitutional right as the right to counsel will not be implied from a silent record, that appellant's right to counsel does not depend upon a request for an attorney and that it can be foregone only by an express, knowing and intelligent waiver appearing in the record (*In re Lopez* (1970) 2 Cal.3d 141, 146-147 [84 Cal.Rptr. 361, 465 P.2d 257]; *In re Smiley* (1967) 66 Cal.2d 606, 620-621 [58 Cal.Rptr. 579, 427 P.2d 179]; *People* v. *Bautista* (1970) 6 Cal. App.3d 344, 352 [85 Cal.Rptr. 688]; *In re Render* (1969) 271 Cal.App.2d 423, 425-426 [76 Cal.Rptr. 522]). The record herein is entirely mute on the issue of waiver. Therefore, consonant with these authorities, we cannot presume in support of the trial court's order that it was based upon appellant's waiver of his right to counsel.

It is also apparent from the record furnished and established principles of pleading applicable thereto that the trial court did not base its order upon a finding of lack of indigency. The allegations of the petition relating to the indigency of the appellant and the practice of the municipal

court in refusing to appoint counsel as a matter of course in misdemeanor cases were not denied by answer or other written pleading. It is clear that the statutory scheme governing writs of mandate contemplates the filing of a written return to the petition by way of verified answer (Code Civ. Proc., § 1089) or by way of demurrer (Code Civ. Proc., § 1109; Cal. Rules of Court, rule 56 (c); *Gong* v. *City of Fremont* (1967) 250 Cal. App.2d 568, 571 [58 Cal.Rptr. 664]) or by both demurrer and answer (Code Civ. Proc., §§ 1089, 1109, 430, 431). Code of Civil Procedure section 1109 directs that except as otherwise provided the rules of practice governing civil actions set forth in the Code of Civil Procedure shall govern mandamus proceedings. Section 1014 of that code sets forth the manner in which appearances may be made. It states in pertinent part: "A defendant appears in an action when he answers, demurs, files a notice of motion to strike, files a notice of motion to transfer pursuant to Section 396b, gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him."

No appearance contemplated by this section was made herein by respondent court. Under accepted principles of pleading, having failed to answer the petition, the allegations of the petition must be taken as true for the purpose of the action (Code Civ. Proc., § 462; *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 64-65, fn. 2 [54 Cal.Rptr. 470]; *City Council* v. *Superior Court* (1960) 179 Cal.App.2d 389, 392 [3 Cal.Rptr. 796]; *Tringham* v. *State Board of Education* (1955) 137 Cal. App.2d 733, 735 [290 P.2d 890]; *Baumgardner* v. *City of Hawthorne* (1951) 104 Cal.App.2d 512, 517 [231 P.2d 864]).

■ While a peremptory writ cannot be granted by default and the case must be heard by the court whether the adverse party appears or not (Code Civ. Proc., § 1088), if there is no issue of fact but only questions of law the hearing referred to in these sections is a hearing on the admitted factual allegations contained in the petition and the arguments of counsel. In this posture the hearing mentioned in Code of Civil Procedure sections 1088 and 1094 is not one to try issues of fact but only questions of law. (Code Civ. Proc., § 1094; *Lotus Car Ltd.* v. *Municipal Court* (1968) 263 Cal.App.2d 264, 267-268 [69 Cal.Rptr. 384]; *Lassen* v. *City of Alameda* (1957) 150 Cal.App.2d 44, 47 [309 P.2d 520]; *English* v. *City of Long Beach* (1952) 114 Cal.App.2d 311, 316 [250 P.2d 298]; *Baumgardner* v. *City of Hawthorne, supra,* 104 Cal.App.2d 512, 517.)

■ As the material allegations of the petition were admitted by reason of the failure of respondent to deny them, it is well setttled that: ". . . no evidence need be offered in their support; evidence is not admissible to

prove their untruth; no finding thereon is necessary; and a finding contrary thereto is error. The facts admitted are outside the issues to be tried." (*Vallejo* v. *Montebello Sewer Co. Inc.* (1962) 209 Cal.App.2d 721, at p. 735 [26 Cal.Rptr. 447]; *University of So. Cal.* v. *Weiss* (1962) 208 Cal.App.2d 759, 767 [25 Cal.Rptr. 475]; *Lifton* v. *Harshman* (1947) 80 Cal.App.2d 422, 431-432 [182 P.2d 222]; *Gardenswartz* v. *Equitable etc. Soc.* (1937) 23 Cal.App.2d Supp. 745, 752 [68 P.2d 322].)

 We conclude that the admission of oral testimony from the municipal court judge at the hearing to traverse allegations of the petition (if in fact the testimony did dispute the allegations) was error. Further, as an express finding of nonindigency contrary to admitted facts would have constituted error, it necessarily follows that we cannot imply such a finding of nonindigency to support the trial court's order.

As the petition alleges that appellant is without funds to employ a private attorney and the municipal court refuses to appoint counsel as a matter of course in minor misdemeanor cases, such as that involved herein, we reach the substantive question of appellant's entitlement to such counsel at public expense. The right is asserted under both the Sixth Amendment of the United States Constitution and article I, section 13, of the California Constitution. The issue can be disposed of quickly.

It is settled beyond cavil in this state that under the California Constitution (art. I, § 13) an indigent defendant in a criminal prosecution for a misdemeanor, of whatever degree or type, is entitled to representation by counsel. It is further established that the court must advise the defendant of his right to counsel and inform him that if he is unable to afford an attorney, one will be appointed at public expense. The court must make suitable inquiry of the defendant regarding his financial condition, and if he is not financially able to employ counsel and he desires representation, the court must appoint counsel to represent him at public expense.[2] (Pen. Code, §§ 858, 987.2; *In re Lopez, supra,* 2 Cal.3d 141, 145-146; *In re Smiley, supra,* 66 Cal.2d 606, 614-615; *In re Johnson* (1965) 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420]; *Echavarria* v. *Justice Court* (1971) 21 Cal.App.3d 889, 893 [99 Cal.Rptr. 98]; *Still* v. *Justice Court* (1971) 19 Cal.App.3d 815, 818 [97 Cal.Rptr. 213]; *People* v. *Bautista, supra,* 6 Cal.App.3d 344, 347, 352; *In re Peterson* (1970) 4 Cal.App.3d 979, 981 [84 Cal.Rptr. 694].)

---

[2]In passing we note Penal Code section 987.8 (Stats. 1971, ch. 744), which requires the court upon conclusion of the criminal proceedings to determine the then ability of a defendant to pay his assigned counsel and, if found able to do so, to order the defendant to pay for the services rendered.

The issue of an indigent defendant's entitlement to appointment of counsel in a misdemeanor case under the Sixth Amendment to the United States Constitution is now pending before the United States Supreme Court (*Argersinger* v. *Hamlin,* docket No. 70-5015, facts at (Fla.) 236 So.2d 442, set for reargument 402 U.S. 928 [28 L.Ed.2d 861, 91 S.Ct. 1528]). In view of this fact and the fact that the matter has been disposed of under California law, it would be inappropriate and is unnecessary for us to grapple with the problem under the United States Constitution.

The order is reversed and the court is directed to issue the peremptory writ of mandate as prayed.

Stone, P. J., and Gargano, J., concurred.